**John and Carmela Fonda v. Raymond W. and Catherine T. Fay**

[306 A.2d 97]

No. 155-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

*Waldo C. Holden, Esq.,* and *Harold J. Gilbar, Jr., Esq.,* Bennington, for Plaintiffs.

*Stephen H. Gilman, Esq.,* Bennington, for Defendants.

**Per Curiam.** This is an appeal from a summary judgment rendered under V.R.C.P. 56. It must be reversed.

The original suit sought recovery for one-half the amount paid to discharge a certain promissory note upon which the plaintiffs and defendants were jointly liable. The defendants interposed as a defense a certain contract which they claimed exonerated them under certain circumstances. The hearing called for in V.R.C.P. 56(c) was held, with oral testimony presented in lieu of affidavits by consent of the court and the parties. That hearing developed evidence of an arrangement between the parties relating to discharge of the joint liability by events other than payment. The defense was that these events had become operative. After the hearing, at some later time, the trial court granted summary judgment.

■ The defendants appeal contending that the hearing became an adjudication on the merits, which was improper in the presence of triable issues of fact. The Rule 56(c) hearing is solely to determine whether a genuine issue of fact exists. See V.R.C.P. 56 Reporter's Notes, at 158. It cannot adjudicate such an issue in that hearing no matter how unlikely it seems that the party opposing the motion will prevail at trial. See 2 R. H. Field, V. L. McKusick, L. K. Wroth, Maine Civil Practice § 56.4, at 39 (2d ed. 1970).

■ An examination of the record in this case reveals issues proper for disposition in a trial. The burden is on the moving party to establish that there are no such issues, and any doubts must be resolved against him. His adversary cannot be deprived of his right to trial on any other basis under this Rule, in the absence of waiver or default. The moving party has not satisfied this Court that that burden has, as a matter of law, been sustained in this case.

*The entry of summary judgment is vacated, and the cause remanded.*