## Paul W. Sykas d/b/a Lobster Pot Restaurant, et al. v. Robert Kearns and the Tavern Motor Inn, Inc.

[383 A.2d 621]

No. 201-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 7, 1978

*Robert J. Kurrle,* Montpelier, for Plaintiff.

*Robert C. Roesler* of *Dinse, Allen & Erdmann,* Burlington, for Defendant.

**Billings, J.** This is an appeal by the plaintiff from a summary judgment rendered under V.R.C.P. 56 in favor of defendant Tavern Motor Inn. A prior appeal was dismissed for lack of jurisdiction, there being no final judgment, V.R.C.P. 54(b), and no compliance with the rules for appeal before final judgment. V.R.A.P. 5. *Sykas* v. *Kearns,* 134 Vt. 623, 366 A.2d 536 (1976) (mem.). Appellant's claim against defendant Kearns has since been dismissed with prejudice, V.R.C.P. 41, and the cause is now properly before us.

Appellant seeks recovery for property damage caused by a fire in Montpelier in April of 1971. The cause of action is based on 7 V.S.A. § 501, the Vermont Dram Shop Act, which provides that:

> A husband, wife, child, guardian, employer or other person who is injured in person, property or means of support by an intoxicated person, or in consequence of the intoxication of any person, shall have a right of action in his or her own name, jointly or severally, against a person or persons, who, by selling or furnishing intoxicating liquor unlawfully, have caused in whole or in part such intoxication. If such intoxicating liquor was so sold or furnished to such person in a rented building, and the owner of such building, or his agent in charge thereof, knew or had reason to know that intoxicating liquor was sold or kept for sale by his tenant in such building contrary to law, such owner may be joined as defendant in such action, and judgment therein may be rendered against him. . . .

Appellant alleges that appellee rented a small building to a private party of persons lodged at the Tavern Motor Inn at which liquor was either sold or furnished unlawfully to Kearns and that appellee's agent knew or had reason to know that the liquor was sold or furnished unlawfully. Appellant also alleges that this liquor contributed to the intoxication of Kearns, which intoxication proximately caused appellant's property damage.

In the trial court, appellee moved for summary judgment under V.R.C.P. 56. After the filing of pleadings, depositions,

answers to interrogatories, and affidavits, the trial court held a hearing, as required by V.R.C.P. 56(c), and thereafter filed findings of fact and conclusions of law. The trial court found that the appellee allowed the party to use the building for reasons of goodwill and to reduce the wear and tear on the furniture of the lodgers' rooms that might be expected if the private party were held in those rooms and further found that no money was paid for the use of the building. From this, the court concluded that appellee had not made a rental within the meaning of 7 V.S.A. § 501. The trial court also held that the facts did not support a finding that appellee knew or had reason to know that intoxicating liquor was furnished or kept for sale at the private party contrary to law. On these grounds, the trial court granted summary judgment for appellee.

 Summary judgment procedure is governed by V.R.C.P. 56. V.R.C.P. 56(c) provides that summary judgment may issue only where the trial court concludes from the materials properly before it "that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The function of a summary judgment is to avoid a useless trial, 6 J. Moore, Federal Practice ¶ 56.15, at 56-391 (2d ed. 1976); but a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact. *Central Vermont Public Service Corp.* v. *Town of Springfield*, 135 Vt. 436, 438, 379 A.2d 677, 679 (1977). Thus, summary judgment is appropriate only when the materials properly considered by the court clearly show a lack of such issues. See 6 J. Moore, *supra*, ¶ 56.15, at 56-462, -463. Moreover, the moving party has the burden of establishing that there exist no disputed issues both in this Court and before the trial court. *Fonda* v. *Fay*, 131 Vt. 421, 422, 306 A.2d 97, 98 (1973).

 A hearing pursuant to V.R.C.P. 56(c) is solely to determine whether there exists a material issue of fact. *Fonda* v. *Fay, supra*, 131 Vt. at 422, 306 A.2d at 98. It is not a trial of the underlying merits of the case, *Tierney* v. *Tierney,* 131 Vt. 48, 51-52, 300 A.2d 544, 547 (1972), and the trial court may not adjudicate in the hearing any genuinely controverted issues of material fact. *Fonda* v. *Fay, supra*, 131 Vt. at 422, 306 A.2d at 98. Findings of fact and conclusions of law are not necessary, V.R.C.P. 52(a), although they are desirable, *Union School*

*District No. 20* v. *Lench*, 134 Vt. 424, 425, 365 A.2d 508, 509 (1976), and often quite helpful for appellate review. 6 J. Moore, *supra* ¶ 56.02, at 56-48. Of course, the findings of fact we refer to here are not findings in the ordinary sense such as those issued after a trial by the court, but rather are findings of those facts that exist without substantial controversy. See V.R.C.P. 56(b).

■ A review of the record reveals that the trial court adjudicated some material facts in its findings that are substantially disputed. Whether appellee supervised the private party, whether appellee had control over the use of intoxicating beverages at the party, whether the building was rented by reason of goodwill motive and motive to reduce wear and tear in the private rooms even though no cash rental fees were paid, and whether intoxicating liquor was furnished contrary to the regulations of the Vermont Liquor Control Board concerning hours of furnishing and permitting consumption on the premises of liquor not purchased on invoice, are disputed. The court's conclusion that appellee's agent did not know or have reason to know that intoxicating liquor was furnished, sold, or kept for sale at the party certainly is a matter about which there is substantial controversy. The trial court's findings and conclusions as to those matters are error in a summary judgment proceeding.

*Summary judgment for defendant Tavern Motor Inn is vacated, and the cause is remanded.*