**Berlin Development Associates, Bennington Development Associates, Springfield Development Associates, St. Johnsbury Development Associates and Burlington Convalescent Center, Inc. v. Department of Social Welfare**

[453 A.2d 397]

No. 410-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed October 18, 1982

108

*Blum Associates, Inc.*, Burlington, and *Thomas Fox* of *Pierson, Ball & Dowd*, Washington, D.C., for Plaintiffs-Appellants.

*John J. Easton, Jr.*, Attorney General, and *Georgiana O. Miranda*, Special Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Barney, C.J.** This is a breach of contract action in which the plaintiffs appeal from the grant of summary judgment ordered by the Washington Superior Court. We reverse and remand for trial. This long-boiling dispute stems from disagreements between the plaintiffs, five nursing homes participating in the Vermont Medicaid program, and the Department of Social Welfare (hereinafter Department) over the appropriate reimbursement rate for skilled nursing and intermediate care services. The trial court was presented with several complex issues, among them (1) the correct interpretation of United States Department of Health, Education and Welfare (DHEW) regulations, (2) the appropriate procedure for amending the State Plan relating to Medicaid payments, (3) whether other health care providers subject to Department regulations received reimbursement reductions comparable to those visited on plaintiffs, and (4) what the intent of the parties to this action was as reflected in the several contracts herein at issue.

The plaintiffs originally sought declaratory and injunctive relief, claiming among other things that rate ceilings imposed by the Vermont Department of Social Welfare breached the contract and were inoperable because not amended as per the dictates of 45 C.F.R. § 205.5(a) (1981) (as amended 39 Fed. Reg. 34,542 (1974)). The Department denied the allegations and asserted that the rate ceilings were in concert with both state and federal regulations. Both sides moved for summary judgment but only on certain issues. Exactly which issues were at stake is a source of some dispute. The trial court, through hearings and correspondence, first developed proposed findings of fact and subsequently a document captioned "Amended Findings of Fact, Conclusions of Law and Order" dated July 7, 1978. On the basis of these amended findings, the trial court concluded that the plaintiffs' petition for declara-

tory judgment should be denied and therefore dismissed plaintiffs' complaint.

From that dismissal, plaintiffs appeal. An added wrinkle is that plaintiffs, subsequent to filing a notice of appeal, asked this Court to remand the cause for a new hearing pursuant to V.R.C.P. 60(b). We granted plaintiffs' request to allow exploration of various allegations of fraud. After considering plaintiffs' allegations as well as requests for post-judgment discovery, the trial court denied plaintiffs' motion for a new hearing in an order dated August 17, 1981.

By the instant appeal, plaintiffs renew their objection to the trial court's resolution of the entire case by granting of summary judgment, as well as appealing the more recent denial of a new trial and of post-judgment discovery. By concluding as we do that summary judgment was not appropriate in this case and that a remand for a new trial is required to allow resolution of the factual disputes after full hearing, we perforce resolve the subsidiary issues. The evidence included in the record does not support either prong of the two-prong test; there exist material fact issues between the parties and the appellee is not so clearly correct as to be entitled to a judgment "as a matter of law." V.R.C.P. 56(c). See *Gore* v. *Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981), and cases cited therein.

 As a threshold matter, it should be noted that findings of fact are ordinarily inconsistent with summary judgment since they connote an adjudication by the trial court of specific controverted issues. Inherent in an action for declaratory judgment is the notion that an "actual or justifiable controversy" exists, *Robtoy* v. *City of St. Albans*, 132 Vt. 503, 504, 321 A.2d 45, 46 (1974); *Lace* v. *University of Vermont*, 131 Vt. 170, 175, 303 A.2d 475, 478 (1973). When the controversy includes disputed facts, the trier of fact must hear and resolve those controverted issues, *Harte* v. *Peerless Insurance Co.*, 123 Vt. 120, 124, 183 A.2d 223, 226 (1962). As we have said, however, precise statements delineating the facts that exist without substantial controversy "are desirable . . . and often quite helpful for appellate review." *Sykas* v. *Kearns*, 135 Vt. 610, 612–13, 383 A.2d 621, 623 (1978); 6 J. Moore, Federal Practice ¶ 56.02, at 56-48 (2d ed. 1976); 10 C. Wright

& A. Miller, Federal Practice and Procedure § 2716, at 433–38 (1973 & Supp. 1982).

■■ In this case, the "Amended Findings" are composed of thirty-eight paragraphs ranging from undisputed information such as the existence of the contract, to hotly contested evaluations of the evidence. Some of the disputed evidence involves alleged ambiguities in the terms of the contracts and will require a fuller exposition before the trier of facts. As we have repeatedly said, "[c]ourts are not empowered to try issues of fact on a Rule 56 motion. They examine the affidavits or other evidence simply to determine whether a triable issue exists rather than for the purpose of resolving the issue." *Braun* v. *Humiston,* 140 Vt. 302, 306, 437 A.2d 1388, 1389 (1981) (citing 10 C. Wright & A. Miller, *supra,* § 2712, at 379–81). Further it is hornbook law that the benefit of all reasonable doubts and inferences is to be given to the non-moving party in determining whether a genuine issue exists. *Id.* at 306, 437 A.2d at 1389 (citing 10 C. Wright & A. Miller, *supra,* § 2727, at 526–28). In this, Vermont practice parallels federal practice exactly.

In order to facilitate application of these tenets to this appeal, we deem it appropriate to highlight several material facts which appear to be controverted and hence require that we reverse and remand for a hearing. One such central issue concerns the "low occupancy deferral policy" whereby certain fixed start-up costs for a new health care facility may be deferred for up to two years or until an 85% occupancy rate is achieved. The appellants claim that they are owed approximately $600,000, money withheld because the deferral policy conflicted with another policy which set ceilings on payments. The resolution of two related issues also appears necessary: (1) Were modifications to the Vermont plan made in conformity with federal regulations so that the rate ceilings provisions were operative? (2) If so, were the reductions in payments to plaintiffs similar to those imposed on other Medicaid programs as required by the contract?

■ To weigh the conflicting evidence and find itself unpersuaded, as does the trial court, is to disregard the dictates of V.R.C.P. 56(c). As we have said, "[a] motion for summary judgment under V.R.C.P. 56 is not a trial of the underlying

merits of the case on the basis of written affidavits." *Martin* v. *Eaton,* 140 Vt. 134, 136, 436 A.2d 751, 753 (1981). In addition, there are conflicting interpretations of phraseology in the contract. Finally, there appears unresolved a dispute as to the very existence of an agreement exempting plaintiffs from the aforementioned rate ceilings.

██ It may appear on remand that certain facts are undisputed and/or not material to any issue in this case. We remind the trial court that V.R.C.P. 56(d) provides a method for dealing with complex litigation through partial summary judgment. However, we caution that partial summary judgment under Rule 56(d) should be clearly designated. Failure to do so may create jurisdictional problems in terms of the finality of the judgment under V.R.C.P. 54(b). For it is clear that our jurisdiction may be lacking where the judgment below is not final, save for special provisions such as V.R.A.P. 5(b) (interlocutory appeal). See, e.g., *Szirbik* v. *R. K. Miles, Inc.,* 137 Vt. 108, 400 A.2d 1001 (1979) (per curiam); 10 C. Wright & A. Miller, *supra,* § 2656. In any event, full summary judgment is not appropriate in this case. We remand for action not inconsistent with this opinion.

*Judgment reversed and remanded.*