Kenneth Crosby and Elizabeth Crosby v. The Great Atlantic
& Pacific Tea Company, James C. Marro, Margaret H. Marro,
Carrols Development Corp., Paul F. Anderson, Esther F.
Anderson, Ellen A. Maxwell and Burger King, Inc.

[468 A.2d 567]

No. 82-445

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ

Opinion Filed November 1, 1983

*Sigismund J. Wysolmerski* of *Abatiell and Abatiell*, Rutland,
for Plaintiffs-Appellants.

*Ritchie E. Berger* of *Dinse, Allen & Erdmann*, Burlington,
for Defendants-Appellees Carrols Development Corp., Paul F.

Anderson, Esther F. Anderson, Ellen A. Maxwell and Burger King, Inc.

**Per Curiam.** This is an appeal from an order of the Rutland Superior Court granting summary judgment in favor of defendants. Plaintiff Kenneth Crosby stepped on a glass bottle and lost his balance while in the parking lot of the Great Atlantic & Pacific Tea Company (A&P). His wife attempted to steady him and both fell over a three-foot retaining wall a few feet away onto a parking lot utilized by defendant Burger King. A&P is not involved in this appeal, having previously been granted summary judgment in its favor.

Defendants moved for summary judgment, disclaiming control of the parking lot where the bottle was located and responsibility for the bottle itself. Plaintiffs' memorandum in answer to this motion was untimely. The file, however, does contain affidavits previously submitted by plaintiffs in response to a similar earlier motion for summary judgment. Plaintiffs, focusing on the wall, allege that it is "a dangerous and hazardous condition." They seek to impose liability on the basis that a common wall is shared by both A&P and Burger King. The court, pursuant to V.R.C.P. 56, found "no genuine issue of material fact" contained in the affidavits and memoranda submitted by the parties and awarded judgment to defendants. The court also denied plaintiffs' motion to reconsider. We affirm the judgment below.

■■ Defendants support their motion for summary judgment by disclaiming ownership or control of the bottle and parking lot. Absence of ownership or control is a defense in a negligence case such as this. "Ordinarily a person who is not the owner and is not in control of property is not liable for negligence with respect to such property." *Garafano* v. *Neshobe Beach Club, Inc.,* 126 Vt. 566, 575, 238 A.2d 70, 77 (1967). The moving party "satisfies his legal burden when he presents 'at least one legally sufficient defense that would bar plaintiff's claim.'" *Gore* v. *Green Mountain Lakes, Inc.,* 140 Vt. 262, 266, 438 A.2d 373, 375 (1981) (quoting 10 C. Wright & A. Miller, Federal Practice and Procedure § 2734, at 647).

■ Given the benefit of all reasonable doubts and inferences, *Berlin Development Associates* v. *Department of Social*

*Welfare,* 142 Vt. 107, 110, 453 A.2d 397, 399 (1982), appellants have failed to identify any genuine issue as to any material fact. There is no dispute as to the location of the plaintiffs, the bottle or the wall. It was also unequivocally established that Burger King did not own or control the A&P parking lot where the bottle was located. Whether defendants owed the plaintiffs a duty of care and whether the wall was a proximate cause of plaintiffs' injuries were all questions of law for the court. On the undisputed facts of this case defendants were not negligent as a matter of law. Accordingly, summary judgment was correctly granted in this case. The denial of plaintiffs' motion to reconsider was not an abuse of discretion on the part of the trial court.

■ We note in passing that the Rutland Superior Court did not include findings of fact and conclusions of law with its order. The term "findings of fact" normally implies a resolution of disputed facts by the trial court after hearing the evidence presented. In a summary judgment context, however, findings would merely include "precise statements delineating the facts that exist without substantial controversy . . . ." *Id.* at 110, 453 A.2d at 399.

■ We again urge the trial courts to include such findings with an order granting summary judgment to facilitate appellate review. See, e.g., *id., Sykas* v. *Kearns,* 135 Vt. 610, 612–13, 383 A.2d 621, 623 (1978).

*Judgment affirmed.*