## STATE OF VERMONT
## ENVIRONMENTAL COURT

| | } | |
|---|---|---|
| **In re Lathrop Limited Partnership II**[1] | } | **Docket No. 210-9-08 Vtec** |
| **(Appeal of conditional use determination)** | } | **(Appeal from Bristol ZBA)** |
| | } | |

### Decision on Motion for Summary Judgment

Appellant-Applicant Lathrop Limited Partnership (Applicant) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bristol, denying Applicant's request for conditional use approval for a sand and gravel extraction operation.[2] Now pending before the Court is Neighbors' motion for summary judgment. Applicant has responded in opposition. The Town has filed a response to Applicant's opposition, addressing some of the arguments raised therein. No Interested Parties, other than the Neighbors group represented by Attorney Dumont, have filed memoranda on the pending motion. The pending motion is therefore ripe for our consideration.

### Factual Background

The following facts are undisputed unless otherwise noted.

1.      In late 2007, Applicant submitted an application to the ZBA for conditional use approval for a 39-acre commercial sand and gravel extraction operation on a parcel of 65± acres located on South Street and Rounds Road in the Town of Bristol.

2.      The proposed site for this sand and gravel operation includes existing steep slopes, differing in elevations from 420 to 580 feet above sea level. A portion of the site includes a plateau area; this area is part of the area proposed for excavation.

---

[1]  This appeal is from the ZBA's denial in 2008 of Lathrop's conditional use application. We have labeled this caption as "Lathrop Limited Partnership II" because it is the second conditional use application that Lathrop submitted to the ZBA for its proposed sand and gravel operation; its first application was decided in 2004. Only the 2008 ZBA determination is the subject of this appeal.

[2]  Applicant is represented here by Mark G. Hall, Esq.; the Town of Bristol (Town) is represented by Joseph S. McLean, Esq. Interested Persons John Moyers, Russell Rueger, Mary Ann Rueger, Naomi Drummond, Randall Freeman, Kelly Laliberte, and Kevin Harper (Neighbors) are represented by James A. Dumont, Esq.; Interested Persons Donald Morris and May Morris are represented by James W. Runcie, Esq.; Interested Persons David Folino, Susan Folino, John C. Pickens, Sally L. Mammen, Charles H. Mammen, Maria Peabody, and John Pandiani have appeared and represent themselves; Interested Persons Bruz Brown and Sandra Murphy have entered their appearances; we presume that they have chosen to represent themselves, since no attorney has entered an appearance for them. We ask that they confirm for the Court their wish to proceed pro se.

3.	The proposed extraction operation would extract an estimated 3,000,000 cubic yards of gravel, at a rate of 100,000 yards per year for approximately 30 years.

4.	After completion of the extraction operation, the reclaimed extraction area will be approximately 1,000 feet by 1,200 feet. The elevation of a portion of this reclaimed extraction area will be lower than currently existing conditions. This area of lower elevation will be approximately 600 feet by 800 feet, and will be surrounded on all sides by slopes of no more than 2:1. In some areas, the top of the slopes will be approximately 100 to 110 feet above the lower elevation area.

5.	The parties disagree on the proper description for the disturbed area once all excavation is completed. Applicant suggests that the excavated area will resemble a "shallow dinner plate", which will be surrounded by pre-existing steep slopes; Neighbors describe it as a "pit", as that term is used in the applicable zoning regulations.

6.	Pursuant to the Town of Bristol Zoning Bylaws and Regulations (Regulations), the project property is located in the Mixed Use District and the Rural Agricultural 2-Acre District. Under Regulations § 526, "the removal of sand and gravel for sale" is allowed in any zoning district "only after conditional use review and approval."

7.	In addition to the conditional use standards in Regulations § 341, proposals to extract and sell sand and gravel must meet the requirements in the ten subsections of Regulations § 526. Section 526(1) contains a remediation requirement; § 526(2) prohibits the creation of "pits or steep slopes . . . unless provision is made to refill such pits."

8.	On September 18, 2008, the ZBA denied conditional use approval for Applicant's proposed project. The ZBA's denial was based on an alleged failure to comply with § 526(2). Applicant thereafter filed a timely appeal with this Court.

## Discussion

In the pending motion for summary judgment, Neighbors argue that the project as proposed is unable to comply with § 526(2) and must therefore be denied as a matter of law, since no provision is made to refill the reclaimed extraction area. In considering Neighbors' motion, we note that the summary judgment is only appropriate where "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as

2

a matter of law." V.R.C.P. 56(c)(3). The party requesting summary judgment bears the burden of proof. <u>Travelers Ins. Cos. v. Delmarle, Inc.</u>, 2005 VT 53, ¶ 3, 178 Vt. 570 (mem.). In considering the motion, "the Court must consider the facts presented in the light most favorable to the nonmoving party." <u>Madkour v. Zoltak</u>, 2007 VT 14, ¶ 12, 181 Vt. 347. Thus, solely for purposes of the pending motion, we consider the relevant, material facts in a light most favorable to Applicant.

Section 526(2) states in full:

The removal of material shall be conducted so as to result in the improvement of the land, having due regard to the contours in the vicinity such as leveling slopes and removing hills. The digging or creating of pits or steep slopes shall not be permitted, unless provision is made to refill such pit.

Whether this section of the Regulations requires Applicant to refill the extraction area, so that its elevation upon reclamation is the same as the elevation under existing conditions, is dependant upon whether the reclaimed extraction area is a "pit" under the meaning of § 526(2).

Whether the reclaimed extraction area is a "pit" that requires refilling under § 526(2) is a highly fact-specific determination that is not appropriate for summary judgment. While the parties agree on the approximate dimensions of the reclaimed extraction area, material factual disputes remain regarding its characteristics, such as the degree of the slopes and the difference in elevation between the top of the slopes and the bottom. Applicant asserts that the slopes will be 2:1 in degree at most, with some slopes of a lesser degree, whereas Neighbors assert that all slopes in the reclaimed extraction area will be 2:1. At this time we are therefore only able to conclude that the degree of the slopes will be no more than 2:1, because it is unclear whether and how much the slopes will vary.

Applicant makes several references to pre-existing steep slopes that have not been created, nor will be impacted, by its project. Neighbors do not make clear whether the "pit" Applicant should be required to fill includes the area encompassed by these pre-existing steep slopes. Additionally, Neighbors assert that the difference in elevation between the top of the slopes and the bottom will be between 100 and 110 feet, whereas Applicant asserts that the difference in elevation will vary, and in some places will be less than 100 feet. Resolution of these factual disputes is essential to determining whether the reclaimed extraction area is a "pit" that requires refilling under § 526(2).

3

In addition, it appears that factual disputes remain regarding the specific details of Applicant's remediation plans. The Town makes convincing and un-refuted representations that Applicant's presentation to the ZBA of its reclamation plan was minimal, and in one instance consisted solely of one slide in its multi-slide PowerPoint presentation. However, the Town then concludes that Applicant failed to make <u>any</u> presentation to the ZBA of its reclamation plan and should therefore be barred from making such a presentation to this Court in this <u>de novo</u> proceeding. In this regard, our Supreme Court has cautioned that we must resist the urge to view our role in land use appeals as that of "a super planning commission." <u>Chioffi v. Winooski Zoning Board</u>, 151 Vt. 9, 13 (1989). However, while the <u>Chioffi</u> Court cautioned against a review on appeal of land use issues that had not first been presented for consideration by the municipal panel below, we do not understand that caution to extend to legal issues upon which an applicant provided a scant or insufficient presentation. To limit an applicant in a <u>de novo</u> proceeding to only submitting the evidence actually presented before the municipal panel below could put an applicant in the unfair position of "heads-I-win-tails-you-lose" that the Supreme Court cautioned against in <u>In re Sisters & Brothers Investment Group, LLP</u>, 2009 VT 58, ¶ 21. Based upon the record currently before us, we decline to conclude that Applicant is barred from presenting evidence of how its project, particularly after completion, will conform to Regulations § 526(2).

The highly disputed facts presented in the record now before us provide an excellent example of when summary judgment is inappropriate and why an evidentiary hearing, with the context that a site visit provides, is necessary to render legal conclusions. Resolution of these disputes would inform the Court's deliberation on whether the reclaimed extraction area is appropriately classified as a "pit" under § 526(2).

We are unable to conclude at this time that either party is "so clearly correct as to be entitled to judgment 'as a matter of law.'" <u>Berlin Dev. Assocs. v. Dep't of Soc. Welfare</u>, 142 Vt. 107, 110 (1982). We therefore conclude that summary judgment must be **DENIED** at this time.

### <u>Conclusion</u>

For all of the foregoing reasons, we **DENY** summary judgment on whether § 526(2) requires the reclaimed extraction area to be refilled, and if so, to what extent, or whether Applicant's proposed plans satisfy that requirement.

Done at Newfane, Vermont, this 14th day of August, 2009.


                                                _____

                                                Thomas S. Durkin, Environmental Judge