```
                      Environmental Court of Vermont
                            State of Vermont

==============================================================================
                E N T R Y   R E G A R D I N G   M O T I O N
==============================================================================
```

In re Laberge Moto-Cross Track            Docket No. 259-11-08 Vtec
Project:     Laberge Moto-Cross Track
Applicant:
             (Appeal from DRB determination that no permit needed.)

Title: Motion for Summary Judgment, No. 4

Filed:       July 15, 2009

Filed By: Attorney Brian P. Hehir, for Appellees Matthew A. & Judith Laberge

Response filed on 08/18/09 by Appellant Fiona & Gary Fenwick

Reply in support of motion filed on September 4, 2009 by Attorney Brian P.
Hehir, for Appellees Matthew A. & Judith Laberge

___ Granted              _X_ Denied              ___ Other

       This appeal arises from a decision by the Town of Hinesburg
Development Review Board ("DRB") concerning recreational motorcycle use
on private property owned by Appellees, Matt and Judy Laberge.
Appellants, Gary and Fiona Fenwick, who own property abutting the
Laberges, initiated this action on June 2, 2008, by first requesting
that the Hinesburg Zoning Administrator ("ZA") require Appellees to
obtain conditional use approval to operate motorcycles on a track
constructed by the Laberges on their residential property.  After the ZA
denied the Fenwicks' request, Appellants submitted a second request on
July 25, 2008, to the Hinesberg Director of Planning and Zoning
("Planning Director").  This letter requested that the Planning Director
require Appellees to obtain a zoning permit, authorizing the continued
use of the motorcycle track adjacent to the Laberges' home.  When the
Planning Director denied the Fenwicks' request, they filed a timely
appeal with the DRB.  The DRB denied the Fenwicks' request on October 7,
2008. Appellants thereafter filed a timely appeal with this Court.

       This matter has been set for trial on Tuesday, September 29, 2009.
The Court already conducted its first site visit with the parties on
June 16, 2009. Appellants have suggested that a second site visit is
warranted.  That request is the subject of another Entry Order that
accompanies this Order.

       Also pending before the Court is Appellees' motion for summary
judgment, which Appellees most recently supported with an affidavit from
Mr. Laberge, which was filed with the Court on September 3, 2009.
Appellants have responded in opposition to the pending summary judgment
motion, which is now ripe for our consideration.

       The Laberges argue in their pending motion for summary judgment

that their use of the non-commercial motorcycle track on their private residential property can only be characterized as incidental to their occupancy, and that such use cannot, as a matter of law, be determined to require either a zoning permit or conditional use approval.

In considering the Laberges' motion, we note that summary judgment is only appropriate where "the pleadings, depositions, [and] answers to interrogatories, . . . together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). The Laberges must overcome a high procedural hurdle when filing such a motion, since they bear the burden of proof, Travelers Ins. Cos. v. Delmarle, Inc., 2005 VT 53, ¶ 3, 178 Vt. 570 (mem.), and "the Court must consider the facts presented in the light most favorable to the nonmoving party." Madkour v. Zoltak, 2007 VT 14, ¶ 12, 181 Vt. 347.

With these considerations in mind, we find that substantial disputes as to material facts exist in the record—namely, the extent, duration, and frequency of use by the Laberge family and non-family members since 2008, following the resolution of a noise dispute between the parties on December 4, 2007.[1] Resolving these issues will inform the Court's deliberation. We therefore conclude that a summary entry of judgment is not proper at this time. Rather, an evidentiary hearing is necessary to resolve disputes over material facts and enable the Court to thereafter render sound legal conclusions. We reach this conclusion, having determined that the Laberges are not "so clearly correct as to be entitled to judgment 'as a matter of law.'" Berlin Dev. Assocs. v. Dep't of Soc. Welfare, 142 Vt. 107, 110 (1982). Summary judgment must therefore be DENIED. We will proceed to trial as scheduled.

We note that Appellants initially appeared pro se when they first filed their Notice of Appeal and Statement of Questions, but have since retained Attorney Christopher Roy to assist in the presentation of their case. We ask Attorney Roy to advise whether Appellants' initial Statement of Questions may be consolidated, so as to assist the Court and the parties in efficiently conducting the trial in this appeal.

_____          _____September 15, 2009._____
          Thomas S. Durkin, Judge                              Date

=============================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Christopher D. Roy, Attorney for Appellants Fiona & Gary Fenwick
    Brian P. Hehir, Attorney for Appellees Matthew A. & Judith Laberge
    Interested Persons Tonia L. & David L. Bouchard
    Ernest M. Allen, III, Attorney for the Town of Hinesburg

---

[1] Two of Appellants' factual representations are unclear to the Court: whether Appellants agree that Appellees have reduced activity and participation on the track following the resolution of the previous dispute; and whether Appellants contend that a permit is required for use of the track by Appellees at any level of noise or frequency.