**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**Town of North Hero v. Herrington**                    **Docket No. 125-9-12 Vtec**

Title: Consented-to Motion Reconsider and Correct "Findings" (Filing Nos. 3)

Filed: May 22, 2013.

Filed By: Defendant Larry Herrington, by his attorney, Erin M. Heins, Esq.

The Town of North Hero consented to Defendant's motion, as noted by Attorney Heins.

  _X_ Granted          ___ Denied          ___ Other

The Court thanks the parties for bringing to its attention the error in its recitation of the factual background that was relevant to its May 10, 2013 Entry Order concerning the parties' cross-motions for summary judgment. For the reasons stated in Defendant's motion, the Court hereby **STRIKES** from its May 10, 2013 Entry Order the factual background paragraphs numbered 17 and 18 and hereby replace them with the following paragraphs:

17. On June 30 of 2012, the current Zoning Administrator sent Defendant a letter alleging several zoning violations. A copy of this June 30, 2012 NOV was presented as Town Exhibit 12. The parties have stipulated that this letter <u>did not</u> constitute a formal notice of alleged zoning violations.

18. Since the Town's June 30, 2012 letter <u>did not</u> constitute a notice of alleged zoning violations, Defendant filed no appeal of that letter. The zoning violations alleged in the Town's June 30, 2012 letter have therefore not become final and may be contested.

We wish to make clear that none of the paragraphs itemized in the Court's May 10, 2013 Entry Order should be regarded as "factual findings." The Court made no factual findings in rendering that pre-trial determination on the parties' competing motions for summary judgment. Rather, the Court was merely reciting the material facts that appeared to be undisputed from its reading of the parties' respective motions, legal memoranda, affidavits and other evidence.

It is improper for a trial court to make factual findings before the parties are afforded an opportunity to present evidence at an evidentiary hearing; within the context of reviewing pre-trial summary judgment motions, the trial court should merely recite its determination of which material facts appear to be undisputed. See <u>All Cycle, Inc. v. Chittenden Solid Waste Dist.</u>, 164 Vt. 428, 437 (1995) (citing <u>Crosby v. Great Atl. & Pac. Tea Co.</u>, 143 Vt. 537, 539 (1983)).

_____      _____June 19, 2013_____
Thomas S. Durkin, Judge                        Date

======================================================================
Date copies sent: _____              Clerk's Initials: _____

Copies sent to:

    Paul Gillies, Esq., attorney for Plaintiff, the Town of North Hero
    Erin M. Heins, Esq., attorney for Defendant Larry Herrington