Vermont Superior Court
Filed 10/06/23
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 339-12-08 Oscv

---

**Leblanc et al vs. Estate of Robert Snelgrove**

---

## ENTRY REGARDING MOTION

Title: Motion for Summary Judgment on Plaintiff's Sole Remaining Trespass Claim
(Motion: 45)
Filer: Christopher D. Roy
Filed Date: August 24, 2023

The motion is GRANTED.

This is a long-running dispute concerning two neighboring parcels, the construction of a boathouse, and a long-running history of various self-help projects by members of Plaintiff's family. The Court recently summarized the salient facts of this dispute in a recent Order in a separate but related docket. *Snelgrove v. LeBlanc*, Dckt No. 161-7-17 Oscv, *Entry Regarding Motion #15* (August 11, 2023) (Richardson, J.).

The sole remaining issue in the present docket is whether Plaintiff David LeBlanc is entitled to damages for the trespass created by Defendant Robert Snelgrove's construction of a retaining wall along the southern side of his property.

*Background & Procedural History*

For purposes of summary judgment, the following facts appear undisputed. Defendant Robert Snelgrove gained title to a parcel of lakefront property in 1999 that sits on the western shore of Lake Memphremagog in the Town of Newport. The parcel to the south of Snelgrove's original parcel was owned by the LeBlanc family. At the time Herman LeBlanc, the patriarch of the LeBlanc family lived on the property, and he had originally acquired it in 1963 with his spouse, Lucienne. By the time Defendant Snelgrove took title to his adjoining property, Herman and Lucienne LeBlanc had transferred title to their children, Jacques LeBlanc, James LeBlanc, Christine LeBlanc Fortin and Plaintiff David LeBlanc as tenants in common.

At the time Defendant took title, the southern boundary of the Snelgrove property ran east to west from the shoreline of Lake Memphremagog west along the southerly edge of a pre-existing boathouse. At the western end of the boathouse, the property line jogged north and then continued west to the public road that formed the western boundary of this portion of the Snelgrove parcel. It is this L-shaped boundary that is the focus of the present dispute.

In the fall of 2006, Snelgrove tore down the boathouse and built a new boathouse to the north and east of the old structure. As part of this project, Snelgrove performed de-construction and re-landscaping to the site of the former boathouse. A feature of the old boathouse was that sat over a stream that drained from west to east across the LeBlanc and Snelgrove parcels into the lake. As part of the deconstruction and re-landscaping, Snelgrove constructed a concrete retaining wall along the bank of the stream that followed the footprint of the old boathouse's southern wall with the exception that the contractor installing the wall extended it westerly onto the lands of LeBlanc. This construction also included a sluiceway to channel the stream.

In its motion, Defendant Snelgrove's successor[1] cites to the need for this extension to stabilize the southerly bank of the stream and to prevent the LeBlanc's lands from eroding into the stream. Defendant also points to the fact that this work constituted an improvement to the LeBlanc property by opening up the portion behind the old boathouse and leveling the area, which expanded its potential for use and enjoyment. Finally, Defendant notes that at the time Defendant Snelgrove began these improvements, his contractor communicated the details and intent of the project to Herman LeBlanc and members of his family. At the time, neither Herman LeBlanc nor any other LeBlanc expressed an opposition or objection to the project. These facts have previously been adopted by the Court in its original decision in this case. *LeBlanc. v. Snelgrove*, Dckt No. 339-12-08 Oscv, *Findings of Fact, Concls. of Law, and Final Judg. Order* at ¶ 36–53 (Aug. 14, 2014) (Rainville, J.) ("Boundary Decision"). While Plaintiff does not agree with these points, his contention of the facts is limited.[2] Plaintiff David LeBlanc states that he was not aware of the work being done as he was

---

[1] Defendant Snelgrove passed away prior to the present round of motions, and his estate has been substituted as a successor party under V.R.C.P. 25.

[2] Plaintiff's opposition does not contest Defendant's statement of material facts or point to any part of the record to support its contention that there is a factual dispute. As such, it is non-compliant with the provisions of V.R.C.P. 56(c)(2), which requires a non-moving party to respond a moving party's statement of undisputed material fact with a paragraph by paragraph response with specific citations to particular parts of materials in the record that the responding party asserts demonstrates a dispute. Notwithstanding this omission, the Court has read Plaintiff's

living in Montana and received no communication about the project from Defendant.[3] Plaintiff does not, however, present or point to any evidence in his motion that would cause the Court to reconsider these earlier findings, apart from the question of whether Plaintiff had notice of the project in 2006 when Defendant approached Herman LeBlanc and other LeBlanc family members.

Between July 2015 and August 2016, Defendant Snelgrove obtained a three-quarter interest in the LeBlanc parcel from co-owners Jacques LeBlanc, James LeBlanc, and Christine LeBlanc Fortin. In October 2015, Plaintiff David LeBlanc transferred his title in the property back to Herman LeBlanc, who held this one-quarter interest in the parcel until a partition action ordered it transferred to Defendant Snelgrove. See *Snelgrove v. LeBlanc*, Dockt. No. 2018-104 (Nov. 21, 2018) (unpub. mem.) (summarizing the partition action and affirming the assignment of Herman LeBlanc's portion of the property to Defendant Snelgrove).

As summarized in the Court's prior orders in this matter, Plaintiff David LeBlanc and other members of the LeBlanc family filed present action in 2008 seeking damages for harm that Plaintiff and his family allege Defendant inflicted on their property from the retaining wall and sluiceway construction. The original scope of this action has shrunk. Jacques LeBlanc, James Le Blanc, and Christine LeBlanc Fortin have all been dismissed as parties to the present matter, having sold their interests to Defendant Snelgrove between 2015 and 2016. Similarly, the Court in 2013 dismissed Herman LeBlanc as a Plaintiff from the various unlawful mischief, ejectment, and trespass claims for lack of standing. *LeBlanc v. Snelgrove*, Dckt No. 339-12-08 Oscv, *Decision on Defendant's Motion for Partial Summary Judgment* (Mar. 8, 2013) (VanBenthuysen, J.). Herman LeBlanc did not appeal this decision to the Vermont Supreme Court, and it has become the law of the case. *LeBlanc v. Snelgrove*, 2015 VT 112, ¶¶ 7, 27, 48–53 (noting that Herman LeBlanc was dismissed as a party to the trespass claims, and that Mr. LeBlanc did not challenge this dismissal but used it to try to escape liability for his actions against Defendant Snelgrove). As this Court noted in a 2020 decision reviewing the

opposition and filings in a lenient manner, but such an approach does not exempt or alter the lack of specific citations to the record where the other side has been diligent. See *Stone v. Town of Irasburg*, 2014 VT 43, ¶¶ 52–54 ("The requirements of Rule 56 are important and where a party does not adequately dispute a statement of undisputed facts, we have affirmed the court's acceptance of those facts as admitted."); see also *Zorn v. Smith*, 2011 VT 10, ¶ 22 (granting leeway to self-represented litigants does not exempt them from the ordinary rules of civil procedure).

[3] In his motion, Plaintiff David LeBlanc primarily focuses on his lack of knowledge about the pending legal proceedings and motions, but it is uncontested that Plaintiff was living in Montana at all relevant time and spent little to no time at the property during the relevant periods.

procedural history of this case, "Herman LeBlanc is not the remaining plaintiff. Instead, David Leblanc is the remaining plaintiff and may pursue trespass related damages." *LeBlanc v. Snelgrove*, Dckt No. 339-12-08 Oscv, *Entry Regarding Motion #39*, at 4 (Sept. 2, 2020) (Bent, J.).[4]

Given the subsequent transfers and court decisions, the only remaining defendant is David LeBlanc, and the only remaining claims concern the effects of Defendant's actions on the LeBlanc parcel during the period from start of construction in the Fall of 2006 to David LeBlanc's transfer of ownership in October 2015.

As the Vermont Supreme Court has ruled, Plaintiff has three surviving causes of action: (1) violations of 13 V.S.A. § 3701 (unlawful mischief); (2) ejectment under 12 V.S.A., Chapter 169; (3) trespass and continuing trespass for the period of his ownership.

*Standard for Summary Judgment*

Defendant has filed a motion for summary judgment, which contends that while a trespass occurred, it was effectively harmless, and even beneficial. Much of Plaintiff's opposition focuses on the fact that he has sought a jury trial in this matter and that findings of fact are, in such cases, reserved for the jury's determination. *Fritzeen v. Trudell Consulting Engineers, Inc.*, 170 Vt. 632, 633 (2000) (mem.) ("It is not the function of the trial court to find facts on a motion for summary judgment, even if the record appears to lean strongly in one direction."). While the Court does not make findings in this type of motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The court may enter summary judgment when, "after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to [his or] her case and upon which [he or] she has the burden of proof." *Gallipo v. City of Rutland*, 2005 VT 83, ¶ 13, 178 Vt. 244 (quotation marks omitted).

When determining whether there is a disputed issue of material fact, a court must afford the party opposing summary judgment the benefit of all reasonable doubts and inferences. *Carr v.*

_____

[4] Plaintiff notes that he was not present at trial in this case and claims that he was not aware of many of the proceedings. The Court does not find this statement credible as the record indicates that he and his family were represented by various attorneys throughout the proceeding who were aware of the case and attended the proceedings on Plaintiff's behalf. If there was any miscommunication, it lies between Plaintiff and his former counsel and does not attach to Defendant or to the current proceedings.

*Peerless Insurance Co.*, 168 Vt. 465, 476 (1998). However, a non-moving party cannot rely on bare allegations, unsupported generalities, or speculation to defeat a properly supported motion for summary judgment. See V.R.C.P. 56(c), (e); *Webb v. Leclair*, 2007 VT 65, ¶ 14, 182 Vt. 559 (mem.). "[C]onclusory allegations without facts to support them are insufficient to survive summary judgment." *Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 48, 176 Vt. 356. Thus, an opposing party's allegations must be supported by affidavits or other documentary materials which show specific facts sufficient to justify submitting his or her claims to a factfinder. See *Robertson*, 2004 VT 15, ¶ 15; *Samplid Enterprises, Inc. v. First Vermont Bank*, 165 Vt. 22, 25 (1996) ("Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact."); see also *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972) ("A summary judgment motion is intended to 'smoke out' the facts so that the judge can decide if anything remains to be tried.").

*Legal Analysis*

Looking at each of Plaintiff's three claims, the undisputed material facts indicate that Defendant is entitled to partial summary judgment for each claim on the issue of damages. In each claim (unlawful mischief, ejectment, and trespassing), a plaintiff must prove some damage as a result of the alleged intrusion. See 13 V.S.A. § 3701; *LeBlanc v. Snelgrove*, 2015 VT 112, ¶ 58 (noting that the fourth element of an unlawful mischief requires the establishment of damages); 12 V.S.A. § 4765; *Kellogg v. Shushereba*, 2013 VT 76, ¶ 23 (noting that damages under an action for ejectment are mesne profits); *Bean v. Sears, Roebuck & Co.*, 129 Vt. 278, 282 (1971) (holding that the damage for trespass to property is the "variance in value of the property before and after the [trespass] . . . ."). As the Vermont Supreme Court has recently noted, the damage for harm to land may include: (1) difference between the value of the land before and after the harm; (2) the loss of use of the land; and (3) the discomfort and annoyance if the plaintiff was an occupant of the land. *Jones v. Hart*, 2021 VT 61, ¶¶ 69–70 n.7 (citing Restatement (Second) of Torts § 929).

Through discovery, Plaintiff stated that he had suffered the following damages:

a. Emotional distress from the unnecessary litigation, and the improper litigation in the amount of $100,000.00;

b. Emotional distress from seeing the stream being compromised in the amount of $500,000.00.

c.  Out of pocket expenses due to the unnecessary and improper litigation, including time away from work, airfare from Montana to Vermont, rental cars in the amount of $50,000.00.

d.  Loss of Herman LeBlanc and David LeBlanc's personal property at the two residences they owned. In partition transcript 231-8-15, on April l9, 2019, Herman LeBlanc stated to the court that he knew Snelgrove too well, and that if he didn't have the opportunity to get his personal property, that would be the end of it. To this day there is LeBlanc's personal property remaining on one of the three properties, As Herman LeBlanc's guardian, I never received the April 22, 2019 entry order, nor did I receive the expedited order that was filed on July 16, 2019. The amount of this property, including my mother's artwork and Herman LeBlanc's safe with its contents, amounts to $100,000.00.

e.  Trespass from 2008 to 2019 in the amount of $250,000.00.

f.  In partition transcript 231-8-15, on April 19, 2019, Herman LeBlanc stated to the court that he knew Snelgrove too well, and that if he didn't have the opportunity to get his personal property, that would be the end of it. To this day there is LeBlanc's personal property remaining on one of the three properties. As Herman LeBlanc's guardian, I never received the April 22, 2019 entry order, nor did I receive the expedited order that was filed on July l6, 2019.

Def. Tab I at 8–9 (*Pltfs. Responses to Def's Interrogatories*, June 1, 2023).

Several of these damages are not allowable or are limited under the current posture of the case. First, Herman LeBlanc is no longer a party to these claims and has not been a party since 2013. Therefore, Plaintiff cannot make any claims for damages on his behalf in this matter.

Second, the two claims for emotional distress are not permissible damages for a claim of trespass, ejectment, or unlawful mischief. *Jones*, 2021 VT 61, at ¶¶ 65–70. While an occupant of land may claim annoyance and discomfort damages, Plaintiff David LeBlanc was not an occupant of the land at any time during the relevant periods of his ownership from 2006 to 2015. As he notes, he was resident of Montana and did not reside, occupy, or otherwise use the property in a manner that might give rise to occupancy-based damages. Therefore, any claim for emotional distress is not allowed as a matter of law as it is not available to Plaintiff in this case.

Third, the Court has already ruled that Plaintiff's claims for personal property are no longer available. See *LeBlanc v. Snelgrove*, 339-12-08 Oscv, *Entry Regarding Motions #42, 43*, at 3 (Aug. 11, 2023) (denying Plaintiff's motion to amend to allow for personal property claims in light of the Court's earlier decisions).

Fourth, Plaintiff's claim for travel costs associated with this litigation is premature and does not constitute a damage. Under V.R.C.P. 54, the prevailing party is entitled to costs. In Vermont, these are generally limited to filing fees, service costs, deposition fees, and other related litigation expenses. It can—in the discretion of the Court—include witness fees and limited travel expenses. *Jordan v. Nissan North America, Inc.*, 2004 VT 27, ¶¶ 15–20. The authority to award such costs rests with the discretion of the trial court. Id. But such discretion comes at the end of the case when a party has established itself as the prevailing party for purposes of Rule 54. At this point, however, any such award is at best premature.

This leaves only Plaintiff's asserted damage of $250,000 for Trespass from 2008 to 2019. As stated above, this damage goes beyond Plaintiff's ownership by four years as Plaintiff deeded away his interest in 2015. It also gives no basis for the claim. This amount does not correspond to either a change in value to the property, or a loss of mesne profit. It does not appear to correspond to any particular measure of damages. It is, in short, a bald assertion. *Webb*, 2007 VT 65, at ¶ 14 (noting that to avoid entry of summary judgment, "[p]laintiffs may not . . . rely on bare allegations alone to meet the burden of demonstrating a disputed issue of fact"). While this is not necessarily fatal to Plaintiff's claim, it does require some further explanation and support. *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir.1999) (noting that an inference does not "automatically extend to bald assertions, subjective characterizations and legal conclusions") (quotation and brackets omitted).

In its motion for summary judgment, Defendant directly challenges the basis for this assertion of $250,000 in damages for a lack of foundation, noting as well that Plaintiff's time frame is wrong. Defendant also notes that there is no evidence that Plaintiff reduced his claim to reflect the fact that he only controlled a 25% interest in the property. Defendant also focuses on the lack of evidence as to Plaintiff's initial investment in the property or what consideration he received, if any, when he deeded his interest back to his father, Herman LeBlanc in 2015.

As noted above, a claim for trespass requires some proof of damage. That in turn requires Plaintiff to establish that the damages occurred and the basis for calculating such damage. See, e.g., *Smith v. Country Village Intern., Inc.*, 2007 VT 132, ¶¶ 7, 8 (affirming trial court's dismissal of claims for insufficient evidence of damages).

Turning to Plaintiff's opposition brief provides no further detail. While Plaintiff correctly notes that the Vermont Supreme Court remanded the trespass claims for further proceedings to a jury, Plaintiff's motion does not offer any evidence or explanation for its damage claim. Without such evidence, Plaintiff cannot sustain its fundamental burden to establish that its claim for trespass is premised on some specific theory and evidence of damage.

To put it another way, the jury's role is to act as a fact finder, but to act in this capacity, there must be a triable issue of fact to put before the jury. *Fonda v.* Fay, 131 Vt. 421, 421 (1973). In the absence of such, summary judgment is appropriate. Id.; *Webb*, 2007 VT 65, at ¶ 14. In this case, the evidence goes further than a mere absence. Defendant, through its motion and statement of undisputed facts, has established that the trespass activity, namely the construction of a retaining wall and sluiceway, improved Plaintiff's lands by shoring up ground, preventing erosion, and leveling out previously unusable areas while channeling the stream bed. While the Court suspects Plaintiff disputes this evidence, he has not produced evidence to the contrary to take to a jury in support of his contentions. For these reasons, Defendant is entitled to Summary Judgment.

## ORDER

Based on the foregoing, Defendant Estate of Robert Snelgrove is entitled to summary judgment on Plaintiff David LeBlanc's remaining claims of trespass, ejectment, and unlawful mischief for lack of evidence of damages. Judgment is granted to Defendant Estate of Robert Snelgrove as well as reasonable court costs under V.R.C.P. 54. Defendant shall prepare a final judgment for the Court to review and adopt.

Electronically signed on 10/5/2023 11:07 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge