2011 VT 89

### Morton and Kathryn BOSTOCK v. CITY OF BURLINGTON

[30 A.3d 651]

No. 11-011

¶ 1. August 9, 2011. Homeowners Morton and Kathryn Bostock appeal the trial court's denial of their motion to revise the court's order granting the City of Burlington summary judgment on Count VIII, which alleged that the City had breached its duty to provide lateral support to their land. On appeal, homeowners argue that: (1) the trial court abused

its discretion when it denied their motion to revise; and (2) as clarified in their motion to reconsider, they presented sufficient evidence of each essential element of their claim for loss of lateral support such that summary judgment was improper. We affirm.

¶ 2. Homeowners own property at 480 North Avenue in Burlington. With the permission of the property's previous owners, the City dumped tree removal debris on land north of the property. In the spring of 1976, the debris caught fire and burned for several months. The City fire department used water, and later explosives, to extinguish the fire. Homeowners moved into the single-family residence on the property in November 1976 and purchased the property in January 1977.

¶ 3. According to homeowners, as a result of the City's actions their backyard has been "slumping" ever since they purchased the property. For instance, a garage they built in 1989 settled so unevenly that they had to reconstruct it in 1999. Over the years, homeowners have added fill in the area of their backyard and the land north of their property to stabilize erosion. Although there was no written lease or license agreement authorizing homeowners to add fill to the land north of their property, they entered into an oral agreement in 1977 with the heads of the City parks department and the City street department allowing homeowners to restore and maintain it at their own expense to curb erosion.

¶ 4. In 2003, homeowners filed a complaint against the City. Homeowners claimed an interest in the land located north of their 480 North Avenue property under a variety of theories (Counts I-V). They sought damages for actions taken by the City that homeowners alleged constituted trespass, nuisance, and a breach of its duty to provide lateral support (Counts VI-VIII).

¶ 5. Count VIII, the subject of this appeal, sought redress for the City's alleged withdrawal of lateral support to their property, under either § 817 or § 819 of the Restatement (Second) of Torts. Section 817, "Withdrawing Naturally Necessary Lateral Support," creates liability when one withdraws the naturally necessary lateral support, or substituted support, of land in another's possession and that land subsides or harm to artificial additions results from the subsidence. Restatement (Second) of Torts § 817 (1979). Section 819, "Negligent Withdrawal of Lateral Support," imposes liability when one negligently withdraws lateral support of land in another's possession or of artificial additions to it and harm results to the land or the artificial additions on it. *Id.* § 819.

¶ 6. The City filed two motions for partial summary judgment. One addressed homeowners' claims of trespass, nuisance, and withdrawal of lateral support. The second addressed homeowners' claims that they have an interest in the area of land north of their property. In response, homeowners filed a fifty-two-page memorandum of law opposing summary judgment on Counts VI-VIII and a fifty-six-page memorandum of law opposing summary judgment on Counts I-V. They later filed a response to the City's reply to their memoranda in opposition.

¶ 7. On January 27, 2010, the court ruled on the City's motions for partial summary judgment. The court denied the City's motion for summary judgment as to Counts I, II, IV, and V, and granted it as to Counts III, VI, VII, and VIII. With regard to Count VIII, seeking redress for the City's alleged withdrawal of lateral support to their property, the court ruled that homeowners' claim was barred by the statute of limitations because they had failed to identify any distinct, substantial subsidence within the six-year limitations period. See 12 V.S.A. § 511. The court also concluded that even if the statute of limitations did not bar their claim, homeowners had failed to make a

showing sufficient to establish the existence of elements essential to the claim.

¶ 8. As the court understood their theory, which the court noted was "not exactly clear," homeowners claimed that the City's firefighting efforts on the debris field eroded support for their property. The court explained that the opinion of their expert, Gregory Gifford, was not sufficient "to establish a causal link between the washing away of any soils in 1976 and any distinct, substantial subsidence within the limitations period." It also noted that the City could not be liable for its fire-extinguishing efforts by virtue of 20 V.S.A. § 2990, which grants the City immunity from such claims.

¶ 9. Homeowners filed a motion to reconsider the portion of the ruling granting summary judgment to the City on Count VIII, seeking to clarify their legal theory. The court denied this motion on March 23, 2010, explaining that the motion did not change the court's conclusions. On April 6, 2010, the court denied homeowners' motion to take an interlocutory appeal with respect to Count VIII.

¶ 10. Homeowners then filed a motion to revise the court's ruling granting summary judgment to the City as to Count VIII on June 10, 2010, four days before the scheduled trial. This motion included an unverified affidavit from homeowners' expert, Mr. Gifford. The parties subsequently settled all claims — except Count VIII — and the trial was cancelled. On July 13, 2010, homeowners filed a verified affidavit from their expert.

¶ 11. The trial court denied homeowners' motion to revise its ruling on Count VIII. The court cited its discretion to reconsider its own decision, as well as the limited grounds justifying reconsideration. The court decided, contrary to its January 27 ruling, that homeowners were not barred by the statute of limitations. It found that they had come forward with sufficient evidence of a subsidence within the limitations period. Nonetheless, the court concluded that homeowners now sought to proceed on a new theory based on their expert's most recent affidavit.

¶ 12. The court explained that in contrast to their theory as the court understood it at the time it ruled on the summary judgment motion — that the debris field and native hillside were subsiding because the City had poured water onto the hill in the course of firefighting — homeowners now claimed that the City's addition of material to the hillside resulted in the removal of lateral support naturally necessary to the hillside as it existed before the City dumped the first tree debris. That is, as described by their expert's most recent affidavit, the addition of the debris field was the conduct triggering the loss of lateral support, not the City's firefighting efforts. Denying the motion, the court explained that, "[t]o the extent there is any merit in [homeowners'] new theory, [they] should have raised it earlier." Homeowners appealed.

¶ 13. Homeowners contend that the court initially misunderstood their legal theory as to the City's liability for withdrawal of lateral support and that the supplemental affidavit of their expert — and their motion to revise — merely clarified their existing theory. Thus, they argue, the trial court abused its discretion when it denied their motion. We disagree.

¶ 14. The trial court has discretion to revise its order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims — but only as justice requires and in accordance with the principles of equity and fair play. See V.R.C.P. 54(b) ("[A]ny order . . . which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . , and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims . . . ."); *Putney School, Inc. v. Schaaf*, 157 Vt. 396, 406-07, 599 A.2d 322, 328 (1991). We therefore review the trial court's decision not to revise its

ruling awarding summary judgment to the City on Count VIII for an abuse of that discretion. *Putney School,* 157 Vt. at 407, 599 A.2d at 328; see *In re Burlington Bagel Bakery, Inc.,* 150 Vt. 20, 22, 549 A.2d 1044, 1045 (1988) ("When a matter is left to the trial court's discretion, its action will not be reversed by this Court unless it appears that the court withheld or abused its discretion."); *Crosby v. Great Atl. & Pac. Tea Co.,* 143 Vt. 537, 539, 468 A.2d 567, 568 (1983) (per curiam) (affirming court's denial of plaintiffs' motion to reconsider summary judgment ruling using an abuse-of-discretion standard).

¶ 15. The trial court here exercised its sound discretion when it denied homeowners' motion. The court concluded that homeowners' motion to revise presented a new theory that they should have raised earlier in the litigation. The court highlighted the fact that homeowners did not explain why the expert opinion they sought to offer with the motion to revise was not available at the time of the original summary judgment motion. It also noted the unfairness of homeowners waiting so long to finally articulate their theory.

¶ 16. Homeowners' argument relies on their contention that the trial court misunderstood their theory as presented during the adjudication of the motions for summary judgment. Yet they also concede that at the time the court ruled on the motions for summary judgment they "had yet to clarify their theory." Therefore, they argue, reconsideration of the ruling was warranted once they had "properly and promptly clarified the theory behind their claim" to, presumably, correct the court's supposed misunderstanding.

¶ 17. Whether the trial court misunderstood or not, it was homeowners' burden to prove their case during the pendency of the summary judgment motions by putting forth sufficient evidence to establish the existence of elements essential to the claim. Homeowners failed to do so, and the trial court ruled against them. It was not until three months after the court's denial of their first motion for reconsideration — homeowners' first attempt to clarify their theory for the court — and two months after its denial of their motion to take interlocutory appeal that homeowners filed the motion to revise and accompanying new affidavit to further clarify their theory.[1]

¶ 18. Given the delay in producing the expert's new affidavit — and, as homeowners allege, their fully clarified theory — on a claim first filed nearly seven years earlier, as well as the court's assessment that it presented not just a clarified but rather a *new* theory of the case, the court was justified in refusing to reopen the proceedings. See *Fragoso v. Lopez,* 991 F.2d 878, 888 (1st Cir. 1993) (explaining that where summary judgment motion granted, trial court has substantial discretion in deciding whether to reopen proceedings to allow unsuccessful party to introduce new material or argue new theory). And even if the motion and new affidavit presented simply a clarification of their original theory, as homeowners claim, the court was still well within its discretion when it denied their motion to revise. See *id.*[2]

*Affirmed.*

---

[1] We use "new affidavit" to refer to the affidavits submitted on June 10, 2010, and July 13, 2010, while offering no opinion on the City's claim that the July 13 verified affidavit was "substantially altered" from the June 10 unverified affidavit.

[2] Because we conclude that the trial court justifiably exercised its discretion when it declined to reopen the proceedings to allow homeowners to introduce the new affidavit and clarified theory, we need not address homeowners' argument that, as clarified in their motion to revise and accompanying affidavit, they presented sufficient evidence to support their claim