*State v. Atlantic Richfield Company*, No. 340-6-14 Wncv (Teachout, J., May 22, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 340-6-14 Wncv** |

**STATE OF VERMONT,**
**Plaintiff**

**v.**

**ATLANTIC RICHFIELD COMPANY, et al.**
**Defendants**

## DECISION
### Defendant Total Petrochemicals & Refining USA, Inc.'s Motion to Reconsider or in the Alternative for Permission to take an Interlocutory Appeal

This matter is before the Court on a Motion to Reconsider the Court's January 16, 2015 Decision on Defendant Total Petrochemicals & Refining USA, Inc.'s ("TPRI") Motion to Dismiss for lack of personal jurisdiction. Plaintiff State of Vermont opposes the motion.

## Background

This action relates to contamination of Vermont waters by methyl tertiary butyl ether ("MTBE"), a gasoline additive. The State has filed this action against 29 co-defendants, all of whom allegedly participated in the promotion, marketing, distribution, and/or sale of gasoline containing MTBE in Vermont. The State seeks remediation and recovery costs under a number of legal theories, including the violation of Vermont groundwater and natural resource protection statutes, negligence, strict products liability, public and private nuisance, trespass, and civil conspiracy.

TPRI sought to dismiss the State's claims against it for lack of personal jurisdiction. The Court denied the motion, concluding that TPRI had sufficiently directed its activities towards Vermont to support Vermont exercising personal jurisdiction over TPRI as it related to those acts. TPRI now asks the Court to reconsider this ruling, suggesting that the Court overlooked controlling precedent. In the alternative, TPRI asks for permission to take an interlocutory appeal of the Decision to the Vermont Supreme Court.

## Analysis

*Motion for Reconsideration*

TPRI first asks the Court to reconsider the denial of its motion pursuant to Vermont Rule of Civil Procedure 54(b). Rule 54(b) provides that any order which resolve fewer than all of the

claims or rights and liabilities of fewer than all the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." V.R.C.P. 54(b). The Court also has the inherent power to revise such an order. *Kelly v. Town of Barnard*, 155 Vt. 296, 307, 583 A.2d 614, 620 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order.") (quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979)). The Court may only revise such an interlocutory order "as justice requires and in accordance with the principle of equity and fair play." *Bostock v. City of Burlington*, 2011 VT 89, ¶ 14, 190 Vt. 582. TPRI argues that the Court overlooked controlling decisions in denying its motion and it is therefore entitled to this relief.

The cases TPRI suggests the Court overlooked were fully briefed and fully considered by the Court in deciding the initial motion, and they do not call for reconsideration. TPRI focuses on caselaw suggesting that mere knowledge of national distribution or the unilateral acts of third parties are, by themselves, insufficient to support personal jurisdiction. That reasoning is applicable to some sets of factual circumstances, but the facts of this case are easily distinguishable. TPRI took active steps in sending its products through the Colonial Pipeline from Texas to New Jersey and conducted activities in New Jersey that actively directed its products for distribution and use throughout the entire northeastern United States gasoline market, including Vermont, such that it could have foreseen being haled into court in Vermont as a destination state.

TPRI also cites to a more recent MTBE case which concluded that jurisdiction was not appropriate in Puerto Rico where the defendant had no ties to Puerto Rico other than its knowledge, *after the fact*, that a third party distributor had transported its products for sale in that territory following isolated stand-alone sales. *In re MTBE Prods. Liab. Litig.*, 2014 WL 1778984 (S.D.N.Y May 5, 2014). This case is also distinguishable. Here, TPRI directed its products through a national distribution network from Texas to New Jersey and from New Jersey to the northeastern United States. It did not engage in individual stand-alone sales of specified quantities "on the spot" with no reason to know the ultimate destination of the product.

Finding no reason to reconsider or amend the decision on TPRI's Motion to Dismiss, the Motion for Reconsideration is denied.

*Motion for Interlocutory Appeal*

TPRI also moves for permission to take an interlocutory appeal to the Vermont Supreme Court regarding whether Vermont has personal jurisdiction over it in this matter. A party is entitled to permission to appeal an interlocutory order only where the Court concludes the question of law addressed in the order is controlling, there exists substantial grounds for difference of opinion regarding that question, and resolution of the question through interlocutory appeal will materially advance the termination of the litigation. V.R.A.P. 5(b)(1); *In re Pyramid Co. of Burlington*, 141 Vt. 294, 301 (1982).

First, "an order may be 'controlling' if reversal would have a substantial impact on the litigation, either by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." *Pyramid Co. of Burlington*, 141 Vt. at 303. Regarding

TPRI's involvement as a Defendant in this case, the ruling was certainly controlling. If reversed, the State's claims against TPRI would necessarily be dismissed and TPRI would avoid this litigation altogether.

Second, there exists substantial ground for difference of opinion regarding an issue if "a reasonable appellate judge could vote for reversal of the challenged order." *Id*. at 307. The issue of when a defendant can be haled into a forum state based on its active participation in what has been called "the stream of commerce" is one that has proved difficult for even the United States Supreme Court. See *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987); *J. McIntyre Mach., Ltd. v. Nicastro*, __ U.S. __, 131 S. Ct. 2780 (2011). This Court cannot say that a reasonable appellate judge could not determine that TPRI lacked sufficient contacts with the State of Vermont, and reverse the conclusion that personal jurisdiction over TPRI is proper.

Finally, resolution of this issue will determine whether or not TPRI must defend itself in what is likely to be a long and complex litigation. As the Court is permitting the State of Vermont to take an interlocutory appeal regarding the applicability of the statute of limitations, it will further the ultimate termination of this matter to resolve whether TPRI is a Defendant or not at this time as well.

## Conclusion

The Court did not overlook any controlling precedent and the caselaw cited by TPRI does not alter the Court's decision on the motion to dismiss. An appeal of the Decision on TPRI's Motion to Dismiss is, however, appropriate given the nature of the legal issue decided and the criteria applicable to interlocutory appeals.

## Order

For the forgoing reasons, TPRI's Motion for Reconsideration is *denied,* and

TPRI's Motion in the Alternative for Permission to take an Interlocutory Appeal is *granted*.

Dated at Montpelier, Vermont this _____ day of May 2015.

_____
Mary Miles Teachout
Superior Judge

3