# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 112-10-18 Vtec

<div style="border:1px solid black">

## Hinesburg Hannaford SP Application

</div>

## ENTRY REGARDING MOTIONS

| | |
|---|---|
| Title: | Motion to Revise Interlocutory Order (Motion 10) |
| Filer: | Mary Beth Bowman |
| Attorney: | James A. Dumont |
| Filed Date: | May 8, 2019 |

Response filed on 05/28/2019 by Attorney Christopher D. Roy for Appellant Martin's Foods of So. Burlington

Reply to Response filed on 06/07/2019 by Attorney James A. Dumont for Cross Appellant Responsible Growth Hinesburg

**The motion is DENIED.**

| | |
|---|---|
| Title: | Motion for Judgment RE Certain Questions on App (Motion 9) |
| Filer: | Martin's Foods of So. Burlington |
| Attorney: | Christopher D. Roy |
| Filed Date: | March 28, 2019 |

Response in Opposition filed on 05/08/2019 by Attorney James A. Dumont for Cross- Appellant Responsible Growth Hinesburg

Reply to Response filed on 05/28/2019 by Attorney Christopher D. Roy for Appellant Martin's Foods of So. Burlington

**The motion is DENIED.**

Martin's Foods of South Burlington, LLC, (Hannaford) seeks site plan approval for the construction of a Hannaford grocery story in Hinesburg, Vermont. On October 17, 2018, the Town of Hinesburg Development Review Board (DRB) denied the application. Hannaford subsequently appealed that decision to this Court. A group of Hinesburg residents (Neighbors) and the Town of Hinesburg (Town) each cross-appealed. On March 8, 2019, this Court issued a decision on Hannaford's motion to dismiss several Questions in Neighbors' Statement of Questions (March 8, 2019 Decision).[1] Presently before the Court is Neighbors' motion to revise the March 8, 2019 Decision and Hannaford's motion for judgment on certain Questions on appeal.

---

[1] A full background of this case can be found in our March 8, 2018 Decision. In re Hinesburg Hannaford SP Approval, No. 163-11-12 Vtec (Vt. Super. Ct. Envtl. Div. Mar. 8, 2019) (Walsh, J.).

We begin with Neighbors' motion to revise our March 8, 2019 Decision pursuant to V.R.C.P. 54(b).  Rule 54(b) provides that any order which resolves some, but not all, of the claims or rights and liabilities of some, but not all, the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties." V.R.C.P. 54(b).  The Court may only revise such an order "as justice requires and in accordance with the principle of equity and fair play."  Bostock v. City of Burlington, 2011 VT 89, ¶ 14, 190 Vt. 582.

In addressing a motion to revise pursuant to Rule 54(b), this Court applies the legal standard applicable to a Rule 59(e) motion to alter or amend.  In re Bennington Wall-Mart Demolition/Constr. Permit, No. 159-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.).  There are four principal reasons for granting such a motion: (1) to correct manifest errors of law or fact; (2) to allow a party to provide "newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law."  In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1).

Importantly, disagreement between the parties or with the Court's decision is not grounds for granting such a motion.  In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.).  Therefore, such motions should not be used to "relitigate old matters" or to "raise arguments or present evidence that could have been raised prior to entry of the judgment."  Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (citing Wright, Miller & Kane, § 2810.1) (internal quotation omitted).

Neighbors assert that this Court's March 8, 2019 Decision was in error.  In that Decision, the Court concluded that any issues decided by the DRB and this Court that were not appealed are final and binding on all parties, even where the Supreme Court returned the matter to this Court on remand for resolution of other issues.  Neighbors assert that the law of the case doctrine mandates a conclusion that such decisions are not binding.

The binding nature of previous decisions of this Court and the DRB was heavily briefed prior to the Court's March 8, 2019 Decision.  At that time, Neighbors argued that the preclusive principles surrounding issues not appealed to the Vermont Supreme Court did not apply in the present appeal because the Supreme Court reversed this Court's ultimate decision to grant site plan approval.  Now, having received a decision declining to adopt such an argument, Neighbors introduce a new theory on the binding nature of these previous decisions.  Neighbors submit no argument as to why this new theory could not have been raised prior to the issuance of our March 8, 2019 Decision.  Instead, Neighbors are attempting to relitigate matters already decided by this Court.  Therefore, we conclude that Neighbors present no grounds for revising our previous decision and we **DENY** their motion.

Despite having reached this conclusion, the Court is compelled to reiterate the following.  Land development litigation and permitting processes in Vermont are unique.  Some projects, such as the one presently on appeal, are subject to multiple layers of review on multiple aspects of the proposal.  Those issues that are resolved but unappealed at various stages of review are final.  24 V.S.A § 4472(d); In re Garen, 174 Vt. 151, 156 (2002).  Applicants are entitled to the

clarity regarding their project gained through this process until the ultimate action on the permit is complete.[2]

We next turn to Hannaford's motion for judgment on some of the Questions on appeal. Hannaford cites to no legal authority in their motion allowing this Court to take such action. It appears, however, to be made pursuant to V.R.C.P. 54(b), which, as indicated above, governs judgment upon multiple claims or involving multiple parties. Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

V.R.C.P. 54(b).

There are three prerequisites to directing an entry of judgment under Rule 54(b): "(1) there must be multiple parties or multiple claims for relief, (2) at least one claim or the rights and liabilities of at least one party must be finally decided, and (3) the court must find that there is no just cause for delaying the appeal." Kelly v. Lord, 173 Vt. 21, 31 (2001) (citing 10 Wright, Miller & Kane, Federal Practice & Procedure § 2656, at 48—60 (3d ed. 1998)).

In our March 8, 2019 Decision, we ruled on Hannaford's motion to dismiss a number of Neighbors' Questions. In its present motion, Hannaford asks for judgment on Questions raised in its own Statement of Questions based on the legal conclusions we reached in our March 8, 2019 Decision related to our decision on Neighbors' Questions. Further, with respect to issues Hannaford raises related to the mapped public facility, Hannaford seeks to rely upon grounds for the denial of a stay of the permit in our February 11, 2019 Entry Order as the basis for ruling upon the validity of questions related to the mapped public facility.

Hannaford has provided no reasoning as to why Rule 54(b) would be applicable in the situation we are presented with.[3] We further conclude there are multiple other issues before the Court such that there is just cause for delaying an appeal of the issues now decided in this matter.

For clarity, the Court finds it helpful to reiterate our conclusions issued in our prior decisions. In our March 8, 2019 Decision, we concluded that Hannaford retained vested rights under the 2009 Town Zoning Regulations. We further concluded, as discussed above, that issues decided by this Court and not appealed to the Vermont Supreme Court, or those finally adjudicated before the Supreme Court, are final and binding irrespective of the ultimate action taken on the permit application.

With respect to the mapped public facility issue, in our March 8, 2019 Decision, we denied Hannaford's motion to dismiss certain Questions because it had not made it clear that the present site plan application accommodates mapped public facilities in the same manner as the original site plan application. In our February 11, 2019 Entry Order, we denied a motion to stay a statutorily-defined time period because we concluded we lacked the authority to do so.

---

[2] We note that the Court has the inherent power to modify a prior interlocutory order. Kelly v. Town of Barnard, 155 Vt. 296, 307 (1990) ("[U]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order."). Nothing in this decision or our March 8, 2019 Decision conflicts with that power.

[3] Nothing in this Entry Order would preclude any party from properly moving for summary judgment on any of these issues. In fact, the contents of Hannaford's motion appears to be seeking summary judgment on these issues without meeting the procedural requirements for such a motion.

Overall, our March 8, 2019 Decision dismissed Neighbors' Questions 1, A to I, L to P, S, T, and X.[4]

For the foregoing reasons, we **DENY** Neighbors' motion to revise our March 8, 2019 Decision. We also **DENY** Hannaford's motion for judgment on certain issues on appeal.

So ordered.

Electronically signed on June 27, 2019 at 03:03 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Christopher D. Roy (ERN 1352), Attorney for Appellant Martin's Foods of So. Burlington
David W. Rugh (ERN 1507), Attorney for Cross Appellant Town of Hinesburg
James A. Dumont (ERN 1948), Attorney for Cross Appellant Mary Beth Bowman
James A. Dumont (ERN 1948), Attorney for Cross Appellant Ken Brown
James A. Dumont (ERN 1948), Attorney for Cross Appellant Jedidiah Burack
James A. Dumont (ERN 1948), Attorney for Cross Appellant Dark Star Prop. LLC
James A. Dumont (ERN 1948), Attorney for Cross Appellant Deirdre Erb
James A. Dumont (ERN 1948), Attorney for Cross Appellant Geoffrey Gevalt
James A. Dumont (ERN 1948), Attorney for Cross Appellant Catherine Goldsmith
James A. Dumont (ERN 1948), Attorney for Cross Appellant Deborah Goudreau
James A. Dumont (ERN 1948), Attorney for Cross Appellant Lindsay Hay
James A. Dumont (ERN 1948), Attorney for Cross Appellant Carol Jenkins
James A. Dumont (ERN 1948), Attorney for Cross Appellant Jean Kiedaisch
James A. Dumont (ERN 1948), Attorney for Cross Appellant Rachel Kring
James A. Dumont (ERN 1948), Attorney for Cross Appellant Natacha Liuzzi
James A. Dumont (ERN 1948), Attorney for Cross Appellant William Marks
James A. Dumont (ERN 1948), Attorney for Cross Appellant Richard Palieri
James A. Dumont (ERN 1948), Attorney for Cross Appellant Sally Reiss
James A. Dumont (ERN 1948), Attorney for Cross Appellant Heidi Simkins
James A. Dumont (ERN 1948), Attorney for Cross Appellant Michael Sorce
James A. Dumont (ERN 1948), Attorney for Cross Appellant Stephanie Spencer
James A. Dumont (ERN 1948), Attorney for Cross Appellant Responsible Growth Hinesburg
Interested Person Gill B. Coates
Peter G. Raymond (ERN 8814), Attorney for Interested Person Austin Properties, LLC

---

[4] We note that some of these Questions were dismissed for reasons not necessarily at issue in the present motions.