Filed 08/27/24

VERMONT SUPERIOR COURT

Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03359

---

**Crystal Corriveau et al v. State of Vermont**

---

# ENTRY REGARDING MOTION

Title:       Motion to Reconsider; Motion for Interlocutory Appeal ;  (Motion: 20; 21)
Filer:       Jonathan T. Rose; Deborah T. Bucknam; Crystal Corriveau
Filed Date:  May 01, 2024; May 06, 2024

On May 1, 2024, the State filed a motion to reconsider section B.ii.a.2b of this court's April 24, 2024 decision allowing Plaintiffs' Education Clause claim (Count I)[1] to proceed against the State. See Motion to Reconsider (filed May 1, 2024) at 1 and Entry Regarding Motion (filed April 24, 2024) ("Challenged Order") at B.ii.a.2b.  The State contends, citing the Declaratory Judgment Act, that "[b]ecause the [c]ourt has held that Plaintiffs' Education Clause claim (1) is moot insofar as it seeks injunctive relief and (2) does not support a claim for damages as a matter of law," the court has no jurisdiction in the absence of an otherwise live controversy to resolve the claim and should, therefore, dismiss it. Motion to Reconsider at 1.

Plaintiffs' oppose the State's motion, arguing that "[a] [d]eclaratory judgment concerning whether Windham children received a basic education under the Vermont Educational Quality Standards falls under the widely held exception to the mootness doctrine." Memorandum in Opposition (filed May 20, 2024) at 2-3.

On May 6, 2024, Plaintiffs filed a motion for an interlocutory appeal of the court's April 24, 2024 decision. Motion (filed May 6, 2024).  The motion contends that the court's ruling involves several controlling questions of law about which there exists substantial ground for difference of opinion and that an immediate appeal will materially advance the litigation in this matter. See V.R.A.P. 5(b)(1).

In the event that the court does not grant the State's motion to reconsider, the State supports Plaintiffs' interlocutory appeal motion.  Otherwise, the State requests the court grant the State's motion

---

[1] The court's April 24 Order mistakenly noted at one point that "the only claim that remains is Plaintiffs' Count II." See Entry Regarding Motion (filed April 24, 2024) at 17 (citing section B.ii.a.2b).  Of course, the court should have instead properly referred to "Plaintiffs' Count I."

to reconsider and deny Plaintiffs' interlocutory appeal motion as moot. See Conditional Opposition (filed May 20, 2024) at 2.

## A. Relevant Procedural History

Plaintiffs in this matter alleged violations of their children's fundamental constitutional right to education under the Education Clause of the Vermont Constitution and to substantially equal educational opportunity under the Common Benefits Clause. This court's April 24, 2024 decision dismissed nearly all of Plaintiffs' claims. In its decision, the court found that (1) Plaintiffs failed to state a claim of an as-applied challenge to 16 V.S.A. § 821; (2) that their claim of deprivation of the constitutional right to an education is moot *vis-à-vis* their request for an injunction; (3) that they failed to state a claim of deprivation of the constitutional right to an education *vis-à-vis* their request for damages; (4) that they failed to show that the challenged statute violates the Common Benefits Clause; (5) that they failed to state a Common Benefits Clause claim for retaliation under *In re Town Highway No. 20*, 2012 VT 17, 191 Vt. 231; and (6) that injunctive relief sought as Plaintiffs' Count III is a remedy but not a separate cause of action.

The court, however, allowed Plaintiffs' claim that the State violated the Education Clause when Windham Elementary allegedly failed "to provide a 'quality basic education' as defined by Vermont's Education Quality Standards," and only to the extent Plaintiffs sought a declaratory judgment as a remedy. The State Defendant's motion to reconsider followed.

## B. Standard on a Motion to Reconsider

Although Vermont does not observe a formal standard on a motion to reconsider an interlocutory order, generally, "[t]he trial court has discretion to revise its order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims—but only as justice requires and in accordance with the principles of equity and fair play." *Bostock v. City of Burlington*, 2011 VT 89, ¶ 14, 190 Vt. 582 (mem.) (citing V.R.C.P. 54(b) and *Putney School, Inc. v. Schaaf*, 157 Vt. 396, 406–07 (1991)). See also *Marconi Wireless Telegraph Co. of America v. United States*, 320 U.S. 1, 47–48 (1943) (decisions to reconsider or reopen interlocutory orders are matters for the court's discretion). Indeed, "[u]ntil final decree the court always retains jurisdiction to modify or rescind a prior interlocutory order." *Kelly v. Town of Barnard*, 155 Vt. 296, 307 (1990) (quoting *Lindsay v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir. 1979) and citing *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir.1970)). But, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation and citations omitted). See also e.g., *Mylan Technologies, Inc. v. Zydus Noveltech, Inc.*, No. S0041-09 CnC, 2013 WL 4478936 at *2 (Vt. Super. Ct. July 10, 2013); *Brislin v. Wilton*, No. 389-5-07 Rdcv, 2009 WL 6464184 (Vt. Super. Ct. June 2, 2009).

Thus, "[t]he standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Latouche v. N. Country Union High Sch. Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## C. Analysis

The challenged portion of the court's April 24 decision reads as follows:

> In *Brigham I*, the Vermont Supreme Court held that education is "a fundamental obligation of state government." 166 Vt. at 264. In *Vitale*, the same court held that "Vermont children have a fundamental right to education under the Education Clause of the Vermont Constitution" and that "[t]he mirror to the government's 'fundamental obligation' to provide for education is Vermont children's fundamental right to that education." 2023 VT 15, ¶ 11. And to reiterate, the Vitale Court also observed that education is an individual right under the Vermont Constitution. *Id*.

> Plaintiffs contend that the Court's holdings in *Vitale* and *Brigham I* that education is a fundamental right of Vermont children afforded to them by virtue of the Education Clause of the Vermont Constitution, means that the State's failure to discharge its "fundamental obligation" to provide that "fundamental right" *vis-à-vis* the Windham Elementary School and its alleged failure to comply with Vermont's Educational Quality Standards suffice to state a claim here. Indeed, based on the barrage of allegations that Plaintiffs propound, see Fourth Amended Compl. at ¶ 33 *et seq*, tending to show that the Windham Elementary School failed to provide "quality basic education" as defined by Vermont's Educational Quality Standards, and in so doing violated the Education Clause of the Vermont Constitution, Plaintiffs have alleged enough to state a claim for a declaration to that effect against the State of Vermont— the entity with the "fundamental obligation" to provide the "fundamental right" to education in Vermont. See *Brigham I*, 166 Vt. at 268 ("to fulfill its constitutional obligation the state must ensure substantial equality of educational opportunity throughout Vermont."). The same, however, cannot be said as against the remaining Defendants, who do not have that "fundamental obligation" to discharge. Accordingly, this sub-count must be dismissed as against the remaining Defendants.

Challenged Order at 9. To reiterate, the State's fundamental argument on a motion to reconsider is that even assuming arguendo that Plaintiffs had sufficiently alleged an Education Clause claim, the claim is nonetheless moot and should have been dismissed for lack of subject matter jurisdiction.[2]

As the State correctly observes in its motion,

---

[2] The State makes it clear that even though it does not challenge the court's conclusion that Plaintiffs can state a valid Education Clause claim against the State by alleging that the Windham Elementary School failed to comply with the State's Education Quality Standards, "it reserve[d] all rights on that issue." Motion to Reconsider at n 3.

[t]he purpose of a declaratory judgment is to "provide a declaration of rights, status, and other legal relations of parties to an actual or justiciable controversy." *Robtoy v. City of St. Albans*, 132 Vt. 503, 504 (1974); see 12 V.S.A. § 4711. Unless an actual or justiciable controversy is present, a declaratory judgment is merely an advisory opinion which [courts] lack the constitutional authority to render. See *Lace v. University of Vermont*, 131 Vt. 170, 175 (1973). Thus, declaratory relief is available only when a party is suffering from "the threat of actual injury to a protected legal interest." *Town of Cavendish v. Vermont Pub. Power Supply Auth.*, 141 Vt. 144, 147 (1982).

*Doria v. Univ. of Vermont*, 156 Vt. 114, 117 (1991) (cleaned up).

In the instant case, as in *Doria*, even assuming arguendo that Plaintiffs' constitutional rights were violated as alleged, the harm has already passed, and there is no longer a threat of an actual injury. *Id*. Indeed, this court has already held that Plaintiffs' demand for injunctive relief is moot and that their claims for damages fail. As a result, it is readily apparent that there is no justiciable controversy here. The court therefore lacks jurisdiction and declaratory relief is not an appropriate remedy here.[3]

### ORDER

Based on the foregoing, the State Defendant's motion to reconsider is GRANTED and the court's April 24, 2024 order is modified as follows:

Plaintiffs' Count I, see Entry Regarding Motion (filed April 24, 2024) section B.ii.a.2b, for deprivation of the constitutional right to an education under the Education Clause due to Defendants' failure to provide "quality basic education" as defined by Vermont's Educational Quality Standards *vis-à-vis* their request for a declaration that Plaintiffs' children's educational rights have been violated while attending the Windham Elementary School as against the State is dismissed. As a result, Plaintiffs' motion for permission to take an interlocutory appeal is DENIED as moot.

**Signed Electronically on August 7, 2024 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**

---

[3] The State, moreover, alerted the court in its Supplemental Memorandum (filed June 11, 2024) that voters in the Town of Windham voted to close the Windham Elementary School; lending further support for the conclusion that Plaintiffs' request for injunctive relief is moot as the issues raised by Plaintiffs are now even less likely to reemerge.