VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00102



| 8 Taft Street Notice of Violation |
|---|

## ENTRY REGARDING MOTION

Title:  Motion to Reconsider (Motion: #8)
Filer:  William B. Towle, Esq.
Filed Date:  May 1, 2026

Memorandum in Opposition to Motion, filed May 1, 2026, by Jason R. Struthers.

City of Essex Motion to Join Motion to Reconsider, filed May 6, 2026, by Claudine C. Safar, Esq.

Memorandum in Opposition to City's Motion to Join Motion to Reconsider, filed May 11, 2026, by Jason R. Struthers.

Reply in Support of Motion, filed on May 15, 2026, by William B. Towle, Esq.

Surreply to Reply in Support of Motion, filed on May 22, 2026, by Jason R. Struthers.

**The motion is DENIED**.

In this matter, Jason Struthers (Appellant) appeals a September 22, 2025 decision of the City of Essex Junction (City) Development Review Board (DRB) upholding a July 14, 2025 Notice of Violation (NOV) issued to Appellant regarding the cultivation of cannabis at his property located at 8 Taft Street, Essex Junction, Vermont (the Property).

On April 16, 2026, this Court issued a decision denying Appellant's motion for summary judgment in which he argued that his use of the Property for cannabis cultivation constituted a preexisting nonconforming use. In re 8 Taft St. Notice of Violation, No. 25-ENV-00102 (Vt. Super. Ct. Envtl. Div. Apr. 16, 2026) (Walsh, J.) (hereinafter the April Decision). While the Court denied the motion and did not rule upon whether Appellant's use was a preexisting nonconforming use, the Court concluded that cannabis cultivation was not prohibited in the Property's zoning district, the R-1 District, prior to a 2022 amendment to the City's Land Development Code (2022 LDC) prohibiting "cannabis cultivator establishments" from the district. Id. at 8. In reaching this conclusion, the Court determined that the 2016 iteration of the LDC (2016 LDC) prohibited "agriculture" in the district,

but the Court concluded that this prohibition did not extend to Appellant's cannabis cultivation.  Id. Neighbor Stephen Wille Padnos (Neighbor) now seeks reconsideration of the April Decision.  The City moves to join.[1]  Appellant opposes the motion.

Neighbor's motion is made pursuant to V.R.C.P. 54(b).[2]  Rule 54(b) notes that interlocutory orders, such as the April Decision are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  V.R.C.P. 54(b).  Under Rule 54(b), this Court "has discretion to revise its order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims – but only as justice requires and in accordance with the principles of equity and fair play."  Bostock v. City of Burlington, 2011 VT 89, ¶ 14 (mem.) (citing V.R.C.P. 54(b)).  The discretion afforded by Rule 54(b) "is not a particularly liberal one, however."  Lamothe-Farwell v. Cmty. Health Ctrs. Of the Rutland Region, Inc., No. 23-CV-02746, slip op. at 2 (Vt. Super. Ct. Civ. Div. Dec. 11, 2023) (citing 18B Edward H. Cooper, Fed. Prac. & Proc. Jus. § 4478.1 (3d ed., Apr. 2023 update).  It is appropriate to grant a Rule 54(b) motion for reconsideration "to correct manifest errors of law or fact or to present newly discovered evidence." Weatherly v. Gravel & Shea, P.C., No. 977-9-11 Cncv, slip op. at 1 (Vt. Super. Ct. Civ. Div. Aug. 27, 2014) (Greason, J.) (citations and internal quotations omitted); see also Lamothe-Farwell, No. 23-CV-02746, slip op. at 2 (Dec. 11, 2023) (Shafritz, J.) ("[I]nterlocutory adjudication of a claim 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" (quoting Off'l Comm. Of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLC, 322 F.3d 147, 167 (2d Cir. 2002).  "'[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'"  Weatherly, No. 977-9-11 Cncv, slip op. at 1 (Aug. 27, 2014) (quoting Latouche v. N. Country Union High Sch. Dist., 131 F.Supp. 568, 569 (D. Vt. 2001)).[3]

---

[1] The City's motion to join Neighbor's motion to reconsider is **GRANTED**.

[2] There is some dispute among the parties as to whether the pending motion is made pursuant to V.R.C.P. 54(b) or V.R.C.P. 60(b).  The motion clearly cites to V.R.C.P. 54(b).  Further, while the April Decision ruled upon certain legal issues, it is interlocutory in nature.  The Court therefore applies V.R.C.P. 54(b) and the applicable standards.

[3] In the past, this Court has sometimes looked to the standards applicable to V.R.C.P. 59(e) motions when analyzing motions made pursuant to V.R.C.P. 54(b).  See In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.).  As set forth in the above paragraph, the general reasons to grant either a V.R.C.P. 54(b) or a V.R.C.P. 59(e) motion are largely identical.  Compare Lamothe-Farwell, No. 23-CV-02746, slip op. at 2 (Dec. 11, 2023) (Shafritz, J.) with In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10-11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).  The Court applies the V.R.C.P. 54(b) standards to this motion.

First, Neighbor did not submit any filing during the original briefing on Appellant's motion, which included briefing and argument on both the import of 7 V.S.A. § 869 in this case and the interpretation of the LDC. Now, Neighbor provides over 30 pages of post-decision briefing presenting arguments as to why Appellant's motion should have been denied and arguing both the import of § 869 and the general interpretation of the LDC. Such after-the-fact briefing that does not address new or intervening pieces of evidence or law indicates attempts to relitigate a motion that Neighbor had ample opportunity to weigh in prior to the April Decision. Relitigation is not a basis to reconsider the April Decision.

Second, Neighbor has not presented grounds for the Court to reconsider or revise the April Decision. Neighbor argues that the Court erred in its interpretation of 7 V.S.A. § 869 and the LDC when determining whether cannabis cultivation was allowable in the R-1 District prior to the 2022 LDC effective date.

With respect to § 869, Neighbor's motion fundamentally misinterprets the Court's § 869 analysis in the April Decision. In the April Decision, the Court cited to a series of references in § 869 where cannabis and agriculture and/or farming are discussed in various contexts. These include references in which "farming" and cannabis cultivation are treated similarly, see 7 V.S.A. § 869(f)(1) (Act 250), and some in which they are treated differently, see 7 V.S.A. § 869(a) (distinguishing cannabis establishments from "farming" under the Required Agricultural Practices (RAP), 6 V.S.A. Ch. 215, or "other State law" and distinguishing cannabis from agricultural products and farm or agricultural crops for tax purposes) based on the regulatory context in which they appear. Id. at 7.[4] The Court noted that there was "no municipal land use corollary" mandating that outdoor cannabis cultivation be regulated in the same manner as farming in the zoning context such as that in Act 250. Id. at 7 (citing 7 V.S.A. § 869(f)(1)). While the first sentence of this paragraph states, generally, that "a review of relevant law establishes that cannabis is distinct from agriculture," id., the conclusion of the paragraph and § 869 analysis states: "Thus, there is nothing within statutory law that establishes that outdoor cannabis cultivation is a subset of or included within 'agriculture' for zoning purposes in every instance." Id. at 8. Put another way, the Court reviewed statutory law cited by the parties and concluded that there was no specific requirement in statute that mandated a determination that outdoor cannabis cultivation was, or conversely, was not "agriculture" for all municipal zoning purposes or in the 2016 LDC. In essence, the Court concluded that § 869 provided no specific

_____

[4] While the April Decision notes that the current iteration of § 869(a) has remained unchanged since October 2021, the first iteration of § 869 was effective in October 2020.

guidance for determining whether the Property's use was prohibited "agriculture" or otherwise permitted or prohibited prior to the 2022 LDC. As a result, § 869 was largely irrelevant.[5] The Court then applied the rules applicable to zoning regulation interpretation to the LDC alone to reach its final determination.

Despite our conclusion that § 869 did not direct any result in this NOV appeal, Neighbor spends considerable time chastising the Court for reaching the <u>opposite</u> conclusion in the April Decision. In so doing, Neighbor criticizes the Court for concluding that the statue mandated a determination that outdoor cannabis cultivation was not agriculture in the zoning context and this case. Neighbor cites to the same regulatory provisions as the Court and argues that the Court should have concluded that those provisions "do not declare what cannabis cultivation **is** or **is not** for the purposes of other legal questions, including the interpretation of a municipal zoning ordinance's undefined term 'agriculture.'"[6] Motion at 6 (emphasis in original). This is the conclusion that the Court reached in the April Decision.[7] Again, the Court explicitly stated that there was "nothing within statutory law" that established a specific interpretation or relationship "for zoning purposes in every instance." The Court and Neighbor are functionally in agreement that § 869 does not mandate a

---

[5] Because the Court functionally concluded that there was nothing within § 869 that resulted in "sweeping definitional work," the Court fails to understand how the April Decision is inconsistent with the Vermont Supreme Court's decision in <u>In re 8 Taft St. DRB & NOV Appeals</u>, 2025 VT 27, as Neighbor asserts. Again, the Court concluded that the statutes could not have compelled that result because of the lack of guidance in the municipal zoning context.

The Court further notes that the Legislature is currently considering H. 941. As issuance of this Entry Order, the bill has not finally passed both houses, but the "Findings and Intent" section states that "[t]he Vermont Supreme Court's decision in [8 Taft St. DRB & NOV Appeals . . .] reversed application of at least the past 20 years of law to hold that municipalities may regulate farming by municipal bylaw." H. 941 § 1(a)(2). It goes on to state that the intent of the bill is specifically "to overturn the holding in [8 Taft St. DRB & NOV Appeals. . .] and to clarify that municipalities lack authority to regulate farming or the construction of farm structures as set forth in 24 V.S.A. § 4413(d)." <u>Id</u>. at § 1(b). The bill goes on to then amend portions of § 4413(d) to clarify the legislative intent. While the H. 941 is not presently law and it is largely focused on the Vermont Supreme Court's interpretation of § 4413(d) and not § 869, it is unclear at this junction whether the Vermont Supreme Court's <u>8 Taft St. DRB & NOV Appeals</u> will remain relevant law. To the extent it will, the Court finds no inconsistencies in the April Decision and the Vermont Supreme Court's ruling. The Court further notes that, should H. 941 become operative law, it will prohibit the municipal regulation of "cultivation or other use of land for growing plants, including for food, fiber, Christmas Trees, maple sap, or horticultural viticultural, and orchard crops," but the new language specifically states that "[c]annabis is separately regulated and is excluded from this exception." H. 941 § 2. The Court does not interpret or apply any of these non-operative standards in this case. It is important, however, given the procedural history and subject matter of the case, and the Vermont Supreme Court's prior decision (which appears to have explicitly informed the contents of H. 941), to ensure the parties are aware of the potential change in law.

[6] The Court notes that the 2016 LDC does define "agriculture," contrary to Neighbor's assertion.

[7] The Court is unsure what has led to the confusion between the moving parties and the Court as to the Court's § 869 analysis. While the Court could have added language to the first sentence of the at-issue paragraph noting that its review of relevant law established that cannabis and agriculture were distinct "in many other regulatory contexts," the Court believed that the ultimate conclusion: that § 869 did not mandate a specific result in the <u>zoning</u> context was clear. Either way, the Court hopes that the additional clarification in this Entry Order provides the parties with an understanding of the scope of the Court's analysis and conclusion on this issue.

conclusion that outdoor cannabis cultivation is or is not agriculture under the LDC and instead the relevant analysis depends on an interpretation of the LDC provisions alone. Thus, Neighbor's analysis on this issue does not present grounds to reconsider the April Decision.[8]

The Court now turns to Neighbor's argument that the Court erred in its conclusion that the 2016 LDC did not prohibit outdoor cannabis cultivation in the R-1 District by prohibiting "agriculture" as that term is defined therein at that time. Putting aside the fact that this assertion is, again, a clear attempt to relitigate the merits of the prior motion, Neighbor also does not present substantive grounds to reconsider the April Decision.[9]

Functionally, Neighbor argues that the plain language of "agriculture" set forth in 2016 LDC § 201 is broad enough to include cannabis cultivation and, therefore, such use was prohibited even prior to the 2022 LDC. In so arguing, Neighbor brushes over the 2022 LDC amendment and ignores clear rules of statutory interpretation applicable in the zoning context. "[I]t is well settled that an amendment of a statute shows a legislative intent to change the effect of existing law." Jones v. Dep't of Employment Sec., 140 Vt. 552, 555 (1982) (citing Diamond v. Vickery, 134 Vt. 585, 589 (1976); Rock of Ages Corp. v. Comm'n of Taxes, 134 Vt. 356 (1975)). While there may be instances where amendment does not mandate that result, see Town of Cambridge v. Town of Underhill, 124 Vt. 237 (1964), the broad context of the 2022 LDC amendment warrants this conclusion.

Neighbor argues that the amendment may change the law going forward but does not have the effect of informing parties of what the prior iteration excluded. The Court disagrees with this argument as inconsistent with Diamond and Jones. Amendatory language, in relevant contexts, demonstrates an "intent to change the effect of existing law." If the Court were to follow Neighbor's argument and find that "agriculture," as defined by the 2016 LDC, included outdoor cannabis cultivation, then the 2022 LDC amendment would have no change in the effect of the law. This is because under the 2016 LDC "agriculture" was defined in the same manner as in the 2022 LDC and was allowable only in the PA District. In the 2022 LDC, the City added a "cannabis cultivator establishment" use, which would broadly include state-licensed cannabis cultivation establishments. That use was then only allowable in the PA District. If cannabis cultivation was included within

---

[8] To the extent that Neighbor argues that that § 869 mandates a conclusion that cannabis cultivation is agriculture in this context, for the same reason as set forth herein and in the April Decision, there is no support in the statute for that conclusion. Instead, the analysis must be based on interpretation of the LDC alone.

[9] To the extent that Neighbor mistakenly argues that the Court based its interpretation of the 2016 and 2022 LDC on its interpretation of § 869, for the reasons set forth herein, this is not the case. No aspect of the Court's interpretation of either iteration of the LDC was based on the § 869 because the Court concluded that there was no mandated guidance in that statute for zoning purposes.

"agriculture" in the 2016 LDC and therefore only allowable in the PA District, the 2022 amendment definition "cannabis cultivator establishment" and limiting that use to the PA District would have had no change in the effect of the LDC. Thus, the amendment in this respect would have been meaningless. Further, the lack of any internal reference between "agriculture," consistently defined throughout amendment, and "cannabis cultivator establishment" indicates that cannabis cultivation use was not a clarification of the "agriculture" use, but a distinct and new use that was not included in the 2016 LDC's regulation of "agriculture."[10] Thus, Neighbor's argument is inconsistent with rules of interpretation.

Further, to the extent that Neighbor asserts that the Court based some aspect of the April Decision on cannabis' legality in Vermont and the overall state-wide licensing regime for various cannabis-related businesses, the Court is confused by this argument. The Court's April Decision does not touch on this issue at any point. Instead, the analysis turned on an interpretation of the applicable regulations themselves. Thus, Neighbor's assertion relating to these issues present no grounds to reconsider the April Decision as both proffered reasonings were and are not relevant the Court's conclusion.

Having presented no grounds to reconsider the April Decision, Neighbor's motion is **DENIED**. As discussed at the Court's May 4, 2026 status conference in this matter, the parties are directed to file their dates of unavailability for a one-day remote trial in this matter on or before **May 29, 2026**. The Court will then set this matter for trial and a final pre-trial conference.

Electronically signed May 22, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[10] As mentioned in the April Decision, zoning ordinances "are in derogation of private property rights and must be construed narrowly in favor of the landowner." In re Champlain Oil Co. Conditional Use Application, 2014 VT 29, ¶ 2 (citing In re Toor, 2012 VT 63, ¶ 9; In re Weeks, 167 Vt. 551, 555 (1998)). Neighbor's argument on reconsideration, same as the City's argument in opposition to Appellant's motion for summary judgment, is inconsistent with this tenet of zoning regulation interpretation. Both parties request that the Court take the broadest interpretation of the 2016 LDC and, as a result, the 2022 LDC amendment.