### Jacqueline Stamato v. Ugo R. Quazzo and Ada Quazzo

[423 A.2d 1200]

No. 420-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Black & Plante, Inc.*, White River Junction, for Plaintiff.

*Arthur J. O'Dea, P.C.*, Manchester Center, for Defendants.

**Billings, J.** This case arises from a complaint of foreclosure of a mortgage on certain real property located on the Popple Dungeon Road in Chester, Vermont. The defendants filed verified answers, and seventy days later the plaintiff filed a motion for summary judgment pursuant to V.R.C.P. 80.1(c). No other affidavits were offered. Pursuant to V.R.C.P. 80.1(e), the trial court granted summary judgment, ordered the plaintiff to file an affidavit of the amount due, and requested an accounting. The court entered a judgment of foreclosure and granted the defendants leave to appeal. 12 V.S.A. § 4601.

■ We find that the motion for summary judgment was not filed within the time period required by V.R.C.P. 80.1(c), which provides in part:

> (c) Summary Judgment; Default. If within the time allowed under Rule 12(a) defendant files a verified answer or answer supported by affidavits, disclosing facts alleged to constitute a defense, plaintiff may within 10 days after service of the answer move for summary judgment.

Here, the motion for summary judgment was untimely, as it was filed seventy days after the verified answer, and therefore should not have been granted.

■ Even if the motion had been timely, summary judgment would have been inappropriate, because the defendants' verified answers, permitted in foreclosure actions under V.R.C.P. 80.1(c), raised genuine issues of material fact. *Sykas v. Kearns,* 135 Vt. 610, 383 A.2d 621 (1978). The defendants raised issues as to the amount involved, as to when payments were due, and as to conditions precedent to bringing the foreclosure action. These conditions precedent relate to a New Jersey Superior Court order in a divorce case involving the plaintiff and defendant Ugo Quazzo. The plaintiff filed certified copies of certain orders of the Appellate Division of the Superior Court of New Jersey with her motion for summary judgment, and claims that these orders are conclusive on the question of whether the conditions precedent to the mortgage foreclosure were met. These certified copies were not supported by affidavits and were not properly before the court. Therefore, on the pleadings here, there was at least an issue of fact as to whether or not these conditions had been met. The summary judgment order for the plaintiff must be set aside.

*Reversed and remanded.*