Filed 01/25/24

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-01528

---

**Community National Bank v. Heidi Eichenberger et al**

---

## ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment; Motion for Summary Judgment; Motion for Attorney's Fees ; ; (Motion: 2; 3; 4)
Filer:         Renee L. Mobbs; Renee L. Mobbs; Susan J. Steckel
Filed Date:   July 24, 2023; August 08, 2023; August 08, 2023

The motion is GRANTED IN PART.

Plaintiff Community National Bank ("Community National") and Defendant Northern Community Investment Corporation ("NCIC") have each moved for summary judgment and attorney's fees in the present foreclosure matter. The moving parties' motions are filed pursuant to V.R.C.P. 56 and 80.1(c).

Defendants Heidi Eichenberger, Lakemont Retirement Community, LLC, and the Hearing Center of Vermont, LLC have filed an opposition seeking to delay the foreclosure based on the lack of discovery and prematureness for the award of attorney's fees. Defendant Eichenberger's and Lakemont's motion does not challenge either Community National's or NCIC's statement of undisputed material facts or the underlying claims.

Defendants Theodore Carlson, Joellen Carlson, David Leaver, and Ethos Construction of Vermont, LLC have not filed answers or any opposition to the pending motions.

### Undisputed Material Facts

For the purposes of summary judgment, the following facts are uncontested.

Community National Notes and Mortgages

On April 15, 2019, Defendant Eichenberger executed a mortgage with Plaintiff Community National in anticipation of a subsequent loan. The mortgage deed that Eichenberger executed

pledged her interest in three lots, numbered Lots #8, 9, and 10, located on Lakemont Road in Newport, Vermont. The three lots totaled 9.9 acres. The mortgage was filed and recorded on April 19, 2019 at 11:56am in the City of Newport land records at Book 246, Pages 401–08.

On April 15, 2019, Eichenberger, as manager of Lakemont Retirement Community, LLC, also executed a mortgage with Community National in expectation of a future loan. The mortgage deed that Lakemont Retirement Community executed pledged a 3.30-acre lot numbered Lot #7 located on Lakemont Road in Newport, Vermont. This mortgage was filed and recorded on April 19, 2019 at 11:53am in the City of Newport land records at Book 246, Pages 383–89.

Both mortgages were modified on June 9, 2020, and these modifications were recorded in the City of Newport land records on June 22, 2020 at 1:23pm at Book 252, Pages 5–7 and on June 22, 2020 at 1:22pm at Book 252, Pages 1–3.

On June 9, 2020, Defendant Eichenberger executed a note ("the Community National Note") to secure a loan from Community National in the amount of $356,850.00. This loan was secured by the two earlier mortgages.

Under the terms of the Community National Note, Defendant Eichenberger was required to make regular monthly payments in the amount of $2,915.68 per month beginning July 2020 and continuing through June 2035. Eichenberger was also obligated to pay expenses, such as property tax, on the lots. In October 2022, Eichenberger defaulted under the terms of the mortgage by failing to make the monthly mortgage payments and by failing to make the property tax payments for the mortgaged properties. This default has continued. Under the terms of the mortgage and the Community National Note, all the amounts due and owning under the mortgages and the Community National Note are fully due and payable under the terms and conditions of the Community National Note and the mortgages. Community National is also entitled, under the terms of the Community National Note and mortgages to collect its reasonable attorney's fees and any money advanced to preserve the property, including the delinquent property taxes assessed against the properties by the City of Newport.

As of January 12, 2024, the Community National Note and mortgages had principal due in the amount of $320,392.98; accrued interest in the amount of $23,366.74; as well as costs of $4,600 for an appraisal and $1,166.25 in late charges; $177,489.85 in unpaid property taxes (as of June 2023); and attorney's fees of $5,485 and costs of $795.

CNIC Notes and Mortgages

On April 15, 2019, Defendant Eichenberger as manager for the Hearing Center of Vermont, LLC executed a promissory note with NCIC for a $100,000 loan ("the NCIC Note"). The NCIC Note was secured by two Mortgages. The first came from the Lakemont Retirement Community, LLC for Lot #7 on Lakemont Road. It was executed on April 15, 2019 and was recorded in the City of Newport land records on April 19, 2019 at 11:54am at Book 246, Pages 390–97. The second was executed by Defendant Eichenberger for Lots # 8, 9, and 10. It was executed on April 15, 2019 and was recorded in the City of Newport land records on April 19, 2019 at 11:57am at Book 246, Pages 409–17.

In addition to the NCIC Note and mortgages, Defendant Eichenberger also made and delivered an unconditional personal guaranty to NCIC for the full amount. On November 12, 2019 and then on July 9, 2020, Defendant Eichenberger executed two allonges to the NCIC note that modified the terms of the NCIC Note and extended the date of repayment to May 15, 2025.. On October 15, 2022, payments on the NCIC Note became past due, and on November 14, 2022, the NCIC Note went into default. Under the terms of the mortgage and NCIC Note, all the amounts due and owning under the mortgages and the NCIC Note are fully due and payable under the terms and conditions of the NCIC Note and the mortgages. NCIC is also entitled, under the terms of the NCIC Note and mortgages to collect its reasonable attorney's fees and any money advanced to preserve the property, including the delinquent property taxes assessed against the properties by the City of Newport.

As of August 1, 2023, the NCIC Note and mortgages had principal due in the amount of $89,480.77; accrued interest in the amount of $4,247.29; as well as late fees of $408.70. The unpaid property tax is the same as cited above for the four parcels. NCIC also had as of August 1, 2023 attorney's fees and costs of $3,565.70.

Remaining Defendants

Defendants Theodore C. Carlson, Joellen Carlson, and David Leaver are parties to a mortgage deed that while filed on April 19, 2019 in the City of Newport land records at Book 246, Pages 418–22 is made expressly subject to Community National's mortgages. Defendant Ethos Construction of Vermont, LLC has filed a Contractor's lien dates August 30, 2022 and filed in the

City of Newport land records on September 6, 2022 at Book 266, Page 235. These parties have not filed an answer and have not sought to contest either Community National's or NCIC's claims.

Defendants Eichenberger, Lakemont Retirement Community, LLC, and the Hearing Center of Vermont, LLC have filed a verified answer to Community National's complaint, but they have not filed a response to NCIC's cross-claims for foreclosure. The verified answer does not allege any facts or explain the basis for the affirmative defenses asserted. Instead, Defendants state that they lack sufficient knowledge to either agree or disagree with the complaint, and they list three affirmative defenses, including fraud, breach, and conflict of interest without any factual citation.

### Legal Analysis

Summary judgment is appropriate if the evidence in the record, found in the statements required by V.R.C.P. 56(c)(2), shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. V.R.C.P. 56(c)(3); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994). The Court derives the undisputed facts from the parties' statements of fact submitted under V.R.C.P. 56(c)(2), and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact, but it must produce evidence or affidavits to support the opposition. *Murray v. White*, 155 Vt. 621, 628 (1991).

Under V.R.C.P. 80.1(c) if a party defendant fails to file a verified answer, or answer supported by affidavit, disclosing facts alleged to constitute a defense to Plaintiff's claim, the Court should enter a default against the party defendant in accordance with V.R.C.P. 55(a).

In the present case, Defendants Theodore C. Carlson, Joellen Carlson, and David Leaver and Ethos Construction have not filed verified answers or sought to oppose either Plaintiff Community National or Defendant NCIC's complaints or motions. Therefore, the Court determines based on the facts that both Plaintiff Community Natiional and NCIC are entitled to default judgment against these defendants under V.R.C.P. 80.1(c) and 55(a) as Community National and NCIC have demonstrated that they have valid notes and mortgages, which are in default and that their interests are senior to these defendants.

As to Defendants Eichenberger, Lakemont Community Retirement, LLC, and the Hearing Center of Vermont, LLC, they have filed an answer and have opposed the pending motions for

summary judgment, however the Defendants' answer and opposition have been cursory. The answer does not comply with the requirements of V.R.C.P. 80.1(c), which requires a verified answer to disclose facts alleged to constitute a defense. *Stamato v. Quazzo*, 139 Vt. 153, 154 (1980). The bald assertions lack the necessary factual basis required to create a factual issue to oppose a foreclosure claim. *In re Shenandoah, LLC*, 2011 VT 68, ¶ 17 (noting that bald assertions or conclusory statements cannot be utilized for summary judgment).

Further, Defendants' opposition to the motions for summary judgment are premised entirely on a claimed lack of knowledge and lack of opportunity for discovery. Rule 56 mandates summary judgment "where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof at trial." *Poplaski v. Lamphere*, 152 Vt. 251, 254 (1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (internal quotations omitted). The present case was filed in April 2023. In the ten months since filing, there is no evidence that Defendants have sought or requested any discovery or attempted to gather the information that they claim is necessary to respond to Community National's and NCIC's motions. Additionally, the Court notes that the issue of discovery is more limited in a foreclosure action. As embodied by the requirements of Rule 80.1(c), a foreclosure case presumes that the universe of facts and documents in this case are all within the personal experience or custody of Defendants. In a foreclosure the note and mortgage are included with the pleading and the latter is a public record. The issue of breach necessarily involves the defendant as does any complicating factors like a failure by the bank to fulfil its obligations.

Nothing in this case suggests that it is any different. While there are a variety of borrowers and mortgagors, they all appear to be under the control or ownership of Defendant Eichenberger. All of the entities were the original parties to the agreements, and they are the ones who are alleged to have committed default. This is not to say that Defendants would have access to all information, but it is to say that the amount of unknown information in this case is likely narrow and 10 months has been more than adequate time for Defendants to either marshal these facts or to engage in discovery. Since neither has happened, the Court finds no cause for further delay in reaching the merits of Community National's and NCIC's motions.

The present foreclosure action has been brought under 12 V.S.A. § 4945, which allows for foreclosure of mortgages by a judicial sale. As demonstrated in the affidavits and recited above, Community National and NCIC have demonstrated their ownership of notes, which are secured by

multiple mortgages tied to each of the four lots. Community National and NCIC have demonstrated that they are the owners and possessors of their respective notes and mortgages, and they have established that Defendants have defaulted on these instruments. Community National and NCIC have further put forward affidavits in support of the amounts due and owning to them under these instruments and the basis for each to claim attorney's fees and other costs. As such, Community National and NCIC have demonstrated that each is entitled to foreclose on their respective mortgages and notes for these unpaid amounts and to collect their reasonable attorney's fees and costs against Defendants.

Based on this, the Court grants summary judgment to Community National and NCIC against Defendants Eichenberger, Lakemont Retirement Community, LLC, and the Hearing Center of Vermont, LLC.

There remains, however, one last issue, which cannot be resolved on the parties' briefs. Community National claims that is the primary lienholder in this matter and has, in fact, submitted an affidavit claiming that it has priority against all other mortgagees and lienholders. NCIC contests this assertion.

The facts as recited above tell a complicated story. Both Community National's and NCIC's mortgages were executed on the same day and filed in the land records almost simultaneously. Community National's were filed one minute before NCIC's. There is no evidence either way in the filings that this order was planned or intended. There is no evidence that either Community National or NCIC knew of each other's loan or that the recording order reflects any intent to give one lender priority over the other. The evidence indicates that the advance recording was a matter of minutes and seconds, and it does not appear that any document was filed in advance of the other, but all were recorded at essentially the same time.

As the Vermont Supreme Court has noted, "The common-law rule for the priority of liens is "first in time, first in right," and priority is based on the time a lien attaches and becomes perfected." *Colson v. Town of Randolph*, 2011 VT 129, ¶ 13. The maxim, however, is an equitable on that "can be subject to other equitable considerations." *Myers v. LaCassei,* 2003 VT 86A, ¶ 26 (citing to examples).

In this case, the parties appear to have executed and recorded their promissory notes and security agreements nearly simultaneously. There are no subrogation agreements, and whether or

not the parties were aware that they were both loaning the same parties money based on the same properties, it does not appear that either side had formal notice or agreement to priorities.

The Court cannot resolve this issue on the briefs as they currently stand, particularly given the need for context and facts to support an equitable determination. Therefore, the Court will schedule a hearing to give Community National and NCIC the opportunity to augment their briefing and to address the conflicting representations regarding whether one or both should be given priority in this foreclosure.

## ORDER

Based on the foregoing, Community National's and NCIC's motions for summary judgment and default judgment against Defendants Theodore C. Carlson's, Joellen Carlson's, David Leaver's and Ethos Construction's are **Granted.** Community National's and NCIC's motion for summary judgment against Defendants Eichenberger, Lakemont Retirement Community, LLC, and the Hearing Center of Vermont, LLC is also **Granted.** The remaining issue is a question of priority between Community National and NCIC. Given the equitable consideration, the Court will conduct a hearing on the issue of priority between Community National and NCIC. Until that hearing is conducted, the motion for foreclosure and the motion joint foreclosure remain under advisement. [*]

Electronically signed on 1/25/2024 11:25 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

[*] In granting summary judgment, the Court finds that the amounts and attorney's fees and costs sought by Community National and NCIC are reasonable and well-established by the evidence. No amounts are awarded at this time due to the final remaining issue of priority, which will determine if the parties are to share in the foreclosure process as NCIC contends, or if NCIC's only recourse is a personal judgment against the Defendants with the sole right of foreclosure resting with Community National.